In the Matter of the ESTATE of Flora I. WOODWARD, Deceased.

**Jewell T. CRADDUCK, Administrator, Appellant,**

v.

**Delores Alene Bodine CHANDLER, et al., Appellees.**

No. 68526.

Supreme Court of Oklahoma.

March 12, 1991.

---

Clark S. Wood, Sallisaw, for appellant.

Pat Pate, Poteau, for appellees.

SIMMS, Justice:

Appellant, Jewell T. Cradduck, is the administrator of the estate of Flora Woodward, deceased. Appellees are grandchildren of Woodward, and the heirs of one of Woodward's children who predeceased her. This appeal concerns Woodward's will [1] and its effect upon the rights of appellees as heirs of their deceased parent. The trial court found that appellees qualified as pretermitted heirs and were entitled to receive property from Woodward's estate under the laws of descent and distribution.

On review, the Court of Appeals reversed the trial court noting that the testator had disposed of all of her property and had stated unequivocally that no one else was to inherit. The court concluded that "[a]ll other persons" which the will excluded from receiving any property referred to a class of people to which appellees belong, and therefore, under the holding of *In re Adam's Estate*, 203 Okl. 377, 222 P.2d 366 (1950); appellees were intentionally omitted from the will. Under the Court of Appeals' construction of the will, appellees were not pretermitted heirs and could not receive under the statute.

We granted certiorari to determine whether the testator's intent to omit appellees from receiving under her will appears from the four corners of the will. *Crump v. Freeman*, 614 P.2d 1096 (Okla.1980). Because we find that the testator's intent does not appear within the four courners of the will, we vacate the opinion of the Court of Appeals and affirm the order of the district court. The facts are undisputed.

Woodward executed her holographic will on May 17, 1984. She died shortly thereafter, and the trial court admitted the will to probate. Appellees objected to a final accounting and distribution according to the provisions of the will, and on January 2, 1987, the trial court issued an order finding appellees to be pretermitted heirs under 84 O.S.1981, § 132 which provides as follows:

"When any testator omits to provide in his will for any of his children, or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intes-

1. The will in its entirety reads as follows:
"I, Flora I. Woodward, being of sound mind, do hereby make my last will and testament which supercedes[sic] all other wills.

To my son Jewell T. Cradduck, I leave 75 acres of land.

To my son Jerry W. Craddock (or Cradduck), I leave the house at Rt. 3, Box 121, Muldrow, Oklahoma and the outbuildings at said location and the contents of the house and outbuildings. To Jerry I also leave the 1963 Ford pickup truck and my 1977 brown Buick automobile. In addition, I leave to Jerry 75 acres of land, to include the 30 acres of Indian grant land.

To my daughter, Violet Trout, I leave the sum of one dollar.

All other persons are excluded from receiving anything from my estate, except as follows:

To my daughter-in-law, Adria Cradduck, I leave my diamond and ruby rings.
          Signed: /S/Flora Woodward"

tate, and succeeds thereto as provided in the preceding section."

■ In interpreting Section 132, this Court has consistently held that the intent to disinherit an heir must appear upon the face of the will in strong and convincing language. *Crump, supra; Matter of Estate of Severns,* 650 P.2d 854 (Okla.1982); *Matter of Estate of Hester,* 671 P.2d 54 (Okla.1983). In *Crump* and *Severns,* we found that the testators' intent to omit their grandchildren did not appear on the face of the will because there was no mention of the grandchildren by name or class within the will. Likewise, no intent appears on the face of Woodward's will.

■ Appellees were clearly not mentioned by name. Cradduck argues that despite the omission of appellees' names, the testators' intent to disinherit appellees appears in the language of the will. First, Cradduck asserts that Woodward expressed her intent to omit appellees by disposing of her entire estate, relying on *In re Adams' Estate,* supra, for support. This Court observed in *Matter of Estate of Hester,* supra, that *In re Adams' Estate* is inconsistent with recent decisions. In this regard, we have held that disposition of the entire estate does not alone evince an intent to omit a child or deceased child's issue. *Crump,* supra; *Severns,* supra.

Next, Cradduck contends that appellees are specifically omitted by the phrase "[a]ll other persons are excluded" contained within the will. We disagree. Although appellees are persons, we do not consider the term "persons" to qualify in and of itself as a class of heirs which the testator intended to omit. Rather, we adopt the view expressed by the Supreme Court of California in *Estate of Gardner,* 21 Cal.3d 620, 580 P.2d 684, 147 Cal.Rptr. 184 (1978). Therein, the court construed and applied a pretermitted heir statute which is similar to Oklahoma's in that it includes a phrase requiring proof of the testator's intent to appear in the will. The court held that a will provision disinheriting every "person" not named was not sufficient to show an intentional omission of the heirs protected by the statute.

The language utilized by Woodward in her will does not even remotely suggest that she had appellees in mind when she excluded "all other persons." Thus, the testator's intent to omit appellees does not appear upon the face of the will in strong and convincing language, and appellees are pretermitted heirs under Section 132.

The opinion of the Court of Appeals is VACATED and the order of the trial court is AFFIRMED.

OPALA, C.J., and LAVENDER, DOOLIN, HARGRAVE, ALMA WILSON and KAUGER, JJ., concur.

HODGES, V.C.J., dissents.

SUMMERS, J., dissents: I would deny certiorari.