In the Matter of the ESTATE OF William T. GOOLDY, Deceased,

Deborah RINGLING and Bill Gooldy, Appellants,

v.

Alma L. GOOLDY, Personal Representative of the Estate of William T. Gooldy, Deceased, Appellee.

Nos. 73,557, 74,498.

Court of Appeals of Oklahoma, Division No. 1.

May 7, 1991.

Rehearing Denied June 21, 1991.

Certiorari Denied Sept. 10, 1991.

M.M. McDougal, Julie A. Evans, Tulsa, and Carl W. Longmire, Pryor, for appellants.

Ronald D. Cox, Hugo, for appellee.

BAILEY, Judge:

Appellants Deborah Ringling and Bill Gooldy (Appellants or Children) seek review of the Trial Court's order denying their application for a share in the estate of William T. Gooldy (Decedent) as pretermitted heirs. Herein, Children assert (1) Decedent did not express a clear intention to disinherit Children in his Will, (2) Decedent's disposition of his entire estate to the heirs of his surviving spouse, Appellee Alma Gooldy (Appellee or Spouse), does not constitute sufficient evidence of intention

to disinherit Children, and (3) Children were unintentionally omitted and are therefore entitled to share in Decedent's estate.

Decedent married another, and of that marriage, Children were born. Decedent divorced Childrens' mother and subsequently married Spouse, Spouse then having three children of a previous marriage, Patricia, Cheryl and Ronald. Of Decedent and Spouse's marriage, no children were born.

Decedent and Spouse executed a mutual and conjoint Will in which they declared they had three living children, Patricia, Cheryl and Ronald. Under the terms of the Will, if one spouse survived the other, the survivor received the entire estate, and in that event, "we hereby exclude our three children from participation in our estate." The Will further provided that if Decedent and Spouse died simultaneously, the estate passed to Spouse's grandchildren subject to life estates in Spouse's children, Patricia, Cheryl and Ronald. No mention or provision was made in the Will for Decedent's natural children, Appellants Ringling and Gooldy.

The Trial Court determined that Decedent's Last Will and Testament failed to mention either of Children, and that such omission was intentional and sufficient to divest Children of any claim to a share of Decedent's estate. Children appeal as aforesaid.

■ As a general proposition, Oklahoma statute recognizes that a testator may fail or refuse to provide for his or her children upon death, but must express such intention:

When any testator omits to provide in his will for any of his children, or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate....

84 O.S.1981 § 132.

Disposition of the entire estate, standing alone, does not·evince such an intent to omit a child or children from a share of the

estate; rather, the intent to disinherit must appear upon the face of the will in strong and convincing language. *Matter of Estate of Woodward*, 807 P.2d 262 (Okl.1991); *Matter of Severns' Estate*, 650 P.2d 854 (Okl.1982). The purpose of·this statute is to protect a testator's issue's right to inherit unless the will itself gives clear expression of an intentional omission. *Crump's Estate v. Freeman*, 614 P.2d 1096 (Okl. 1980).

■ Under these standards, we have reviewed the Decedent's Will and the evidence adduced below. In the instant case, Decedent declared he had three children, that is, Spouse's children by a prior marriage, and devised his estate under circumstances of survivorship to Spouse, specifically excluding Spouse's children. Nowhere in the Will does Decedent's clear intent to exclude his natural Children, Appellants herein, from the bounty of his estate appear; in fact, Children are nowhere even mentioned. Under these circumstances, we do not believe Decedent clearly expressed his intent to disinherit Children in the strong and convincing language required by 84 O.S. § 132. *Matter of Estate of Woodward*, 807 P.2d at 264 (Decedent's exclusion of "all other persons" from participation in estate, coupled with complete disposition of estate to others, held *not* to evince intent to exclude statutory heirs.) But cf., *Matter of Estate of Hester*, 671 P.2d 54, 55 (Okl.1983) (Decedent's false statement of non-existence of children, coupled with complete disposition of estate to siblings, held to evince "a definite intent that all members of the named class [i.e., children] are intentionally omitted from provisions of the will").

Based on the above and foregoing authorities, we therefore hold the Trial Court erred in denying Childrens' application to share in Decedent's estate as omitted heirs. The Trial Court's order to that effect is therefore REVERSED.

ADAMS, P.J., and GARRETT, J., concur.