In the Matter of the ESTATE OF Essie A. HOOBLER, Deceased.

Arden K. HOOBLER, and Arthena Witt, Appellants,

v.

Linda HANSON and Janet Denney, Appellees.

No. 84926.

Supreme Court of Oklahoma.

April 23, 1996.

Rehearing Denied Oct. 2, 1996.

David K. Petty, Guymon, for Appellants.

Larry L. Field, Guymon, for Appellees.

KAUGER, Vice Chief Justice:

The determinative issue is whether an agreement between the children of the deceased, Essie A. Hoobler (Hoobler/decedent), and her grandchildren, who were not mentioned in the deceased's will, for division of the estate is enforceable.[1]  We find that it is.

### FACTS

On April 24, 1993, Hoobler died testate leaving as her only heirs the appellants, Arden K. Hoobler and Arthena Witt (collectively, children), and the appellees, Linda Hanson and Janet Denney (grandchildren), children of a predeceased daughter.  Hoobler's will named her son as personal representative.  The will contained a clause for the payment of debts and funeral expenses, and it provided for the equal distribution of the remainder of her estate among her "SURVIVING CHILDREN."[2]  Nevertheless, the evening before a hearing to present the will for probate was scheduled, the children and grandchildren entered an agreement[3] to divide the estate one-third to each

---

1.  The children asserted three grounds for invalidation of the contract—failure of consideration, mutual mistake and unenforceable gift.  Our determination that the agreement was supported by consideration is dispositive of the gift issue.  The arguments based on failure of consideration and mutual mistake are unpersuasive.  Essentially, the failure of consideration argument is premised on the disagreement between the parties over the extent of the estate.  Although some dissension arose concerning the content of the Hoobler estate, all parties agreed to admitting the will to probate and signed consent and waiver forms covering the inventory, the appraisals and the accounting.  The grandchildren did not contest the will or file any other proceeding against the children.  The application to set aside the agreement demonstrates that the mistake argued against was unilateral rather than mutual.  It provides in pertinent part:

    "... The Agreement was entered into based upon mutual mistake of the parties.  Arden K. Hoobler entered the Agreement upon the mistaken belief that checking account # 29781606 at the First National Bank of Hooker, Oklahoma, was a joint tenancy checking account between him and the decedent and that upon decedent's death the funds became owned solely by Arden K. Hoobler as surviving joint tenant....  Had Arden K. Hoobler known the true facts of ownership of the account, he would not have signed the document attached as Exhibit 'A' ..."

    The children assert that rescission of the contract for mutual mistake is required because of a difference in opinion as to what money was included in the estate.  Mutual mistake requires both parties to labor under the same misconception as to the facts.  See, *National Fire Ins. Co. of Hart-*

ford v. McCoy, 205 Okla. 511, 239 P.2d 428, 430 (1951).

2.  The Last Will and Testament of Essie A. Hoobler, executed on July 30, 1987, provides in pertinent part:

    "... I direct the payment of all my enforceable debts and funeral expenses.

    ... All the rest, residue and remainder of my property, real and personal, of every kind (including my gas and oil royalties) and wherever situated, whether vested or contingent at the time of my death, I give, devise and bequeath unto MY SURVIVING CHILDREN, in equal shares, share and share alike, absolutely free and clear of any conditions or restrictions whatsoever...."

3.  The agreement, executed on May 27, 1993, provides in pertinent part:

    "... NOW on this 27th day of May, 1993, this Agreement is entered into between Arden K. Hoobler of Hooker, Oklahoma, Arthena Witt of Flagler, Colorado, Linda Hanson of Hooker, Oklahoma and Janet Denney of Guymon, Oklahoma, who constitute all of the heirs of Essie A. Hoobler, deceased.
    In consideration of the mutual agreements herein contained, the parties do agree as follows:
    That the Last Will and Testament of Essie A. Hoobler devised and bequeathed her entire estate to Arthena Witt and Arden K. Hoobler as shown in the court's order determining heirs.  The parties agree that had Essie A. Hoobler fully understood the consequences of her Last Will and Testament it would have been her desire to devise and bequeath all of her estate one-third (⅓) to Arthena Witt, one-third (⅓) to

of the children and one-sixth to each of the grandchildren. The portion set aside to the grandchildren was to be reduced by $6,666.00. This sum represented two-thirds of the proceeds of a $10,000.00 certificate of deposit which Hoobler had given her daughter before she died.[4] The children also agreed to sell the surface interest in the agricultural land to the children. All the heirs requested that the Hoobler will be admitted to probate and that the court accept their agreement to divide the estate.

After the agreement was signed, the children and grandchildren disagreed over the content of the estate. Certain bank accounts and certificates of deposit were held in joint tenancy with the children. The grandchildren asserted an interest in these funds, and the children argued that they were not a part of the estate to be divided and that the monies were not covered by the agreement. On June 9, 1994, the children applied to the trial court to set aside the agreement for failure of consideration, mutual mistake or as an unenforceable gift.

Pursuant to Hoobler's will, the trial judge divided the estate equally between Hoobler's children. However, he found that the contract, providing for each of the grandchildren to receive one-sixth of the estate, was enforceable. The Court of Appeals reversed finding that the agreement was an unen-forceable promise to make a future gift rather than a contract supported by the exchange of consideration. We granted certiorari on March 28, 1996, to determine whether the grandchildren should share in the Hoobler estate.

## PURSUANT TO 84 O.S.1991 § 132, THE GRANDCHILDREN HAVE A VIABLE CLAIM TO SHARE IN THE ESTATE AS PRETERMITTED HEIRS. THEREFORE, THEIR FORBEARANCE TO CONTEST THE WILL IS VALID CONSIDERATION TO SUPPORT ENFORCEMENT OF THE CONTRACT FOR DIVISION OF THE ESTATE.

[1] The grandchildren argue that their forbearance from contesting Hoobler's will is sufficient consideration to require enforcement of the agreement to divide the estate. The children contend that this argument was not made before the trial court and that it should not be considered on certiorari. We disagree.

In closing arguments at the hearing on the final accounting and request for distribution of the estate, attorneys for both the children and the grandchildren addressed the issue of consideration in the form of forbearance

---

Arden Hoobler one-sixth (⅙) to Janet Denney and one-sixth (⅙) to Linda Hanson.

In order to effect what the parties believe would have been the decedents intent, the parties agree that at the conclusion of the estate proceeding of Essie A. Hoobler, the parties will execute the necessary conveyances and documents to vest all of the real and personal property of the estate as follows:

An undivided one-third (⅓) to Arden Hoobler, an undivided one-third (⅓) to Arthena Witt, an undivided one-sixth (⅙) to Janet Denney and an undivided one-sixth (⅙) to Linda Hanson,

except that the parties further agree that as to the surface interest in the agricultural real property and improvements thereon, Janet Denney and Linda Hanson shall sell their undivided one-sixth (⅙) interest each to Arden Hoobler and Arthena Witt for cash based upon the value of said surface interest as finally determined by the Oklahoma Tax Commission in this estate proceeding for tax purposes, less the amount of $6,666.00 which represents the undivided two-thirds (⅔) in a $10,000.00 ad-vancement made by the decedent to Eileen M. Fox, who is the mother of Janet Denney and Linda Hanson, prior to Eileen M. Fox's death. This agreement is executed to memorialize the Agreement stated into the record on May 27, 1993, in the matter of the estate of Essie A. Hoobler...."

4. The mother of the grandchildren, Eileen M. Fox, was diagnosed with cancer approximately three years before her death. Hoobler had purchased a $10,000.00 certificate of deposit in her and Eileen's name. Approximately one month before her daughter died, Hoobler cashed the certificate of deposit and gave Eileen the $10,-000.00. The grandchildren contend that the return of two-thirds of the value of the certificate of deposit to the estate was sufficient consideration to make the agreement enforceable. Because we have determined that the grandchildren, as pretermitted heirs, could have contested the will, we need not determine whether the return of this money to the estate was consideration for the agreement to divide the estate.

from bringing suit.[5] Even if this issue had not been directly presented, forbearance to bring suit may be fairly inferred from a common-sense reading of the language of a document or from the circumstances surrounding its execution.[6] Although the agreement does not specifically provide that the grandchildren are agreeing not to contest Hoobler's will in exchange for a share of her estate, it is implicit in the contract that the children and grandchildren are attempting to avoid litigation through division of the estate.[7]

All parties acknowledged that the agreement was executed in an effort to give effect to Hoobler's intent to leave her deceased daughter's share of the estate to her grandchildren.[8] Title 15 O.S.1991 § 106 provides that prejudice suffered by a party is sufficient consideration to support the enforcement of a contract.[9] Under § 106, all that a party must have is a reasonable belief that a claim is tenable for forbearance to bring a suit to constitute adequate consideration for a valid contract.[10] A doubtful or disputed claim, asserted in good faith, is good consideration for a contract of settlement or compromise.[11] It is clear that forbearance from bringing a will contest may be valid consideration under § 106.[12] Therefore, if the grandchildren had a viable claim against the Hoobler estate, their forbearance to contest the will was sufficient to support enforcement of the contract.

5. The transcript of the hearing on final accounting and request that the estate be distributed held on November 10, 1994, provides in pertinent part:

1) at pp. 220–221, by Mr. Field, attorney for the grandchildren—

"... Now Your Honor, there's been conversation about whether or not these two parties gave up anything. They gave up first of all their right to take any kind of proceeding prior to the 27th day of May 1993, and they also agreed to repay $6,666.00. **This is adequate consideration, valuable consideration** ..." (Emphasis provided.)

2) at pp. 226–27, by Mr. Field, attorney for the grandchildren—

"... So on the first hand, Your Honor, we are saying the agreement is enforceable, there's no reason that it's not enforceable for anything that these parties have done. They gave consideration, $6,666.00, and **waived their right to do anything else in the estate.** And it is enforceable...." (Emphasis provided.)

3) pp. 227–28, by Mr. Petty, attorney for the children—

"... Your Honor, there's been mention of something that was given, and it's reaching—it's reaching a long way—that the suggestion is made that **what was given by Mrs. Denney and Mrs. Hanson in return for this agreement was a waiver of a right to contest a will**...." (Emphasis provided.)

6. *Ross v. Russell*, 475 P.2d 152, 156 (Okla.1970).

7. See agreement, note 3, supra.

8. Id.

9. Title 15 O.S.1991 § 106 provides:

"Any benefit conferred, or agreed to be conferred upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered or agreed to be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise."

10. *Agristor Credit Corp. v. Unruh*, 571 P.2d 1220, 1223 (Okla.1977); *State ex rel. Marland v. Phillips Petroleum Co.*, 189 Okla. 629, 118 P.2d 621, 628–30 (1941).

11. *Jones v. Tautfest*, 206 Okla. 380, 243 P.2d 1003, 1005 (1952); *Rice v. Young*, 200 Okla. 416, 194 P.2d 882–83 (1948).

12. *Rice v. Young*, see note 11, supra. See also, *Morris v. Leverett*, 434 P.2d 912, 922–23 (Okla. 1967) and *Bunte v. Hasley*, 122 Okla. 81, 251 P. 591, 594 (1926), in which this Court found that constructive trusts should be established in favor of heirs who had been led to believe that if they did not bring will contests, they would be devised the same amount of property they would have received from the respective testators under the wills. It also coincides with holding that forbearance from contesting a will is valid consideration under 15 O.S.1991 § 106, see note 9, supra. See also, *Pepper v. Peacher*, 742 P.2d 21, 23–24 (Okla.1987) holding that provisions in a will do not cover instruments which are contractual in nature.

Whether characterized as forbearance to bring suit or as detrimental reliance on the agreement, the result would be the same. It is an elementary rule that a detriment suffered by a party in reliance on the promise of another is ample consideration to enforce a promise. *Commodore Home Systems, Inc. v. Citicorp Acceptance Co., Inc.*, 780 P.2d 674, 678 (Okla.1989); 15 O.S.1991 § 106, see note 9, supra. Here, the grandchildren detrimentally relied on the agreement to distribute the estate when they refrained from filing a will contest.

Title 84 O.S.1991 § 132 [13] provides that if a testator fails to provide for the issue of a deceased child, the grandchild shall share in the estate as if the testator had died intestate. The purpose of § 132 is to protect an issue's right to take unless the will itself gives a clear expression of an intentional omission.[14] In interpreting § 132, we have consistently held that the intent to disinherit an heir must appear upon the face of the will in strong and convincing language.[15] There is no such language in the Hoobler will.

*Matter of Estate of Woodward,* 807 P.2d 262, 264 (Okla.1991) is instructive on the issue of whether the grandchildren are pretermitted heirs within the meaning of § 132. Although *Woodward* did not involve a contract to divide the deceased's estate, it did concern grandchildren who alleged they were pretermitted heirs under facts almost identical to those here. In *Woodward,* the testatrix left her entire estate to three living children without mentioning the children of a deceased child. The Woodward will provided that "all other persons" would be excluded from sharing in the estate—language not present in the Hoobler will. We recognized in *Woodward* that disposition of the entire estate alone did not demonstrate the testatrix's intent to disinherit her grandchildren. Because the Woodward will did not contain strong and convincing language disinheriting the grandchildren or any statement identifying the grandchildren by name or by class as parties within the will, this Court held that the grandchildren were pretermitted heirs entitled to share in the estate pursuant to 84 O.S.1991 § 134.

Here, as in *Woodward,* although the entire estate was left to Hoobler's "SURVIVING CHILDREN," [16] there is no language that could be construed as disinheriting the grandchildren. The grandchildren were not identified by name or as a class under the will. Pursuant to 84 O.S.1991 § 132 [17] and our pronouncement in *Matter of Estate of Woodward,* 807 P.2d 262, 264 (Okla.1991), the grandchildren could have asserted a good faith claim to one third of Hoobler's estate as pretermitted heirs—the children of Hoobler's deceased daughter. The forbearance from bringing a will contest was sufficient consideration to require enforcement of the agreement to divide the estate.

## CONCLUSION

Had the grandchildren chosen to contest Hoobler's will, they would have been entitled to share in the estate as pretermitted heirs pursuant to 84 O.S.1991 § 132.[18] The grandchildrens' forbearance to bring a will contest is sufficient consideration to support enforcement of the agreement for division of the Hoobler estate. The trial court's decision is affirmed.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; TRIAL COURT AFFIRMED.**

ALMA WILSON, C.J., KAUGER, V.C.J., and LAVENDER, SIMMS, HARGRAVE, SUMMERS and WATT, JJ. concur.

HODGES and OPALA, JJ. concur in result.

**13.** Title 84 O.S.1991 § 132 provides:

"When any testator omits to provide in his will for any of his children, or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section."

**14.** *Crump v. Freeman,* 614 P.2d 1096–97 (Okla. 1980).

**15.** *Matter of Estate of Eversole,* 885 P.2d 657, 664 (Okla.1994); *Matter of Estate of Woodward,* 807 P.2d 262, 264 (Okla.1991); *Matter of Estate of Hester,* 671 P.2d 54–55 (Okla.1983); *Matter of Estate of Severns,* 650 P.2d 854, 857 (Okla.1982); *Crump v. Freeman,* see note 14, supra.

**16.** See note 2, supra.

**17.** Title 84 O.S.1991 § 132, see note 13, supra.

**18.** Id.