**2008 OK 83**

**In the Matter of the ESTATE OF Walter Kinsley JACKSON, Deceased.**

**Johnny C. Benjamin, Personal Representative of the Estate of Walter Kinsley Jackson, Deceased, and in his individual capacity, Plaintiff,**

**v.**

**Robena J. Butler and Harris Butler, in their capacity as co-trustees of the Jackson Living Trust dated July 7, 1995, and amended November 1, 1996, and in their individual capacities, Defendants.**

No. 103,063.

Supreme Court of Oklahoma.

Sept. 16, 2008.

Gerald E. Kelley, Kelley, Kelley & Gregory, Oklahoma City, OK, for appellant.

Shawn D. Fulkerson, Richard E. Parrish, Carolie E. Rozell, Fulkerson & Fulkerson, Oklahoma City, OK, for appellees.

TAYLOR, J.

¶ 1 We are presented with this question of first impression: whether the assets of a revocable *inter vivos* trust are subject to the provisions of Oklahoma's pretermitted heir statute, 84 O.S.2001, 132. We are also presented with the question of whether, in a probate proceeding, notice must be given pursuant to title 58, section 240 of the Oklahoma Statutes before a court's order determining heirs is binding. We answer the question of first impression in the negative and answer the second question in the affirmative.

## I. FACTS

¶ 2 This appeal arises from a final decree in a probate proceeding of the estate of Walter Kinsley Jackson (Jackson). On August 18, 2003, Johnny C. Benjamin (Benjamin) filed a petition seeking to be named the personal representative of the estate of Jackson. In the petition, Benjamin alleged (1) Jackson died intestate, (2) Benjamin is Jackson's adult son,[1] and (3) Benjamin is Jackson's sole surviving heir at law.

¶ 3 The notice of the hearing on Benjamin's petition stated that Benjamin had applied for letters of administration and appointed a time certain for the hearing on Benjamin's petition. Absent from the notice was any reference to or request for a determination of the heirs. Benjamin appeared at the hearing, but the record is absent of any evidentiary proof that Benjamin is Jackson's heir at law. On September 3, 2003, the trial court found Jackson died intestate, found Benjamin to be Jackson's son and entitled to Letters of Administration, and found Benjamin to be Jackson's sole heir at law.

¶ 4 Benjamin brought an intra-probate proceeding against Robena Butler and Harris Butler (together, the Butlers), the co-trustees of a revocable *inter vivos* trust established by Jackson and his wife, who had predeceased him. In the intra-probate proceeding, Benjamin sought the removal of the Butlers as co-trustees with him named as trustee in their place, sought the disgorgement of any trust assets which had been disbursed, and sought a determination that he was Jackson's pretermitted heir and entitled to all the trust's assets. Benjamin's position hinged on the September 3, 2003 order's findings that he was Jackson's son and that he was Jackson's heir at law.

¶ 5 The Butlers filed a motion for summary judgment arguing that Benjamin had failed to produce evidence pursuant to title 84, section 215 that he is Jackson's son and heir at law and attaching Benjamin's birth certificate which shows Kenneth P. Benjamin to be his father. The docket sheet shows that Benjamin filed a response to the Butler's motion, but the response is not part of the record on appeal.

¶ 6 Benjamin then filed a motion for partial summary judgment in which, relying on *Thomas v. Bank of Okla., N.A.,* 1984 OK 41, 684 P.2d 553, he argued that in the September 3, 2003 order, the trial court found him to be Jackson's son and Jackson's sole surviving heir at law; that the terms of title 84, section 132 applied to trusts, as well as wills; and that as Jackson's sole and pretermitted heir, he was entitled to all of the trust's assets.

---

1. Benjamin's delayed birth certificate shows his father as Kenneth Benjamin. At the time of Benjamin's birth, his mother was married to Kenneth Benjamin.

The Butlers replied with a continuation of their argument that Benjamin failed to produce evidence that he was indeed Jackson's son and heir at law.

¶7 The trial court denied Benjamin's motion for partial summary judgment, finding that the terms of title 84, section 132 of the Oklahoma Statutes do not apply to a revocable *inter vivos* trust. Pursuant to the letters of administration, Benjamin presented the court with a final accounting which stated that "[n]o assets exist for this estate and therefore there is no distribution." On January 17, 2006, the final decree in the proceeding was filed. The final decree acknowledged the trial court's previous ruling that the terms of title 84, section 132 do not apply to revocable *inter vivos* trusts.

¶8 Benjamin appealed asserting that he is Jackson's pretermitted heir; that the assets of the revocable *inter vivos* trusts are subject to the terms of title 84, section 132 of the Oklahoma Statutes; and that he is entitled to share in the trust assets. The Court of Civil Appeals affirmed the trial court's judgment, finding that even if Benjamin were Jackson's son, Oklahoma's pretermitted heir statute is inapplicable. This Court granted Benjamin's petition for writ of certiorari.

## II. STANDARD OF REVIEW

¶9 Here we are presented with questions of law which we review *de novo*. *St. John Medical Center v. Bilby*, 2007 OK 37, ¶2, 160 P.3d 978, 979. Such review is plenary, independent, and non-deferential. *Id.*

## III. EFFECT OF SEPTEMBER 3, 2003 ORDER

¶10 The Butlers have protested, both in the trial court and on appeal, that Benjamin has failed to provide the statutory proof

under title 84, section 215 that he is Jackson's son and heir at law. Thus, they argue that the trial court erred in its September 3, 2003 order when it found Benjamin to be Jackson's son and his heir at law.

¶11 We view the September 3, 2003 order as having two separate components: first is the finding that Benjamin is Jackson's son and entitled to letters of administration, and second is the determination that Benjamin is Jackson's sole heir at law. To address the first finding, title 58, section 122 of the 2001 Oklahoma Statutes[2] prioritizes the persons entitled to be appointed to administer an estate, with a child being placed second in the order. In fact, under section 122, any legally competent person may be granted letters of administration. There is no explicit evidentiary requirement in section 122 for a child or for another person to be appointed as administrator of an estate.

¶12 In contrast, title 84, section 215 has specific evidentiary requirements for a child born out of wedlock to attain the status of an heir at law. Section 215 requires a child born out of wedlock and seeking status as the heir at law of a putative father to produce (1) proof of a written acknowledgment signed before competent witnesses that the child is that of the father, (2) proof that the father married the mother after the birth and acknowledged the child or adopted the child into his family, (3) proof that the father publicly acknowledged the child, receiving it into his family with his wife's consent if married, and treating it as a child born in wedlock, or (4) proof that the father had been judicially determined in a paternity proceeding to be the child's father. Section 215 mandates such proof before a child born out of wedlock may attain the status of an heir at law of a putative father. The record is absent such proof.

2. Title 58, section 122 of the 2001 Oklahoma Statutes provides in part:
   Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, and they are respectively entitled thereto in the following order:
   1. The surviving husband or wife, or some competent person whom he or she may request to have appointed.

2. The children.
3. The father or mother.
4. The brothers or sisters.
5. The grandchildren.
6. The next of kin entitled to share in the distribution of the estate.
7. The creditors.
8. Any person legally competent.

¶ 13 In addition to such proof, title 58, section 240 [3] requires an explicit notice of a determination of heirs as a prerequisite to determinating heirship. The record here again is absent such notice. Because of this absence of such notice, this Court is not bound by the trial court's determination of heirs, *i.e.* the finding that Benjamin is Jackson's sole heir at law in the September 3, 2003 order.

¶ 14 Even though the trial court erred in determining Benjamin to be the sole heir at law without proper notice, the trial court's decision that Benjamin was not entitled to the trust assets was based on the question of whether the assets of a revocable *inter vivos* trust are subject to Oklahoma's pretermitted heir statute. This is the question presented by Benjamin for our review.

## IV. OKLAHOMA'S PRETERMITTED HEIR STATUTE

¶ 15 Disposing of property is an inalienable natural right throughout a person's lifetime. *Snodgrass v. Snodgrass*, 1924 OK 597, ¶ 10, 231 P. 237, 239. However, the right to control disposition of property after death and the right of inheritance are statutory. *Id.* The Oklahoma Legislature has provided several means for disposing of one's property at death: one is by will, 84 O.S. 2001, 44, and another is by trust. 60 O.S. 2001, 175.1; 84 O.S.2001, 301. In Oklahoma's pretermitted heir statute, the Legislature has also provided a statutory method of inheritance for children whom a testator fails to provide for or to name in a will. 84 O.S.2001, 132, 213.

¶ 16 Here Benjamin invokes Oklahoma's pretermitted heir statute in his quest for a share of Jackson's assets and argues that it should be construed to extend to children omitted from revocable *inter vivos* trusts as well as wills. In construing a statute, our goal is to determine the Legislature's intent. *Heldermon v. Wright*, 2006 OK 86, ¶ 12, 152 P.3d 855, 859. If the legislative intent is clear from a statute's plain and unambiguous language, this Court need not resort to rules of statutory construction. *Id.* When a statute's language is unambiguous, its words will be given their obvious and ordinary meaning and will be followed without additional inquiry. *Oklahoma City Zoological Trust v. State ex rel. Public Employees Relations Bd.*, 2007 OK 21, ¶ 6, 158 P.3d 461, 464.

¶ 17 Oklahoma's pretermitted heir statute provides:

When any testator **omits to provide in his will** for any of his children, or for the

---

3.  Title 58, section 240 provides:
    A.  If a petition is filed for the appointment of a personal representative and the petitioner requests that the identity of the heirs, devisees and legatees be determined at the initial hearing and the notice of hearing such petition reflects such request, then at the first hearing on a petition to admit a will to probate or a petition for the appointment of a personal representative in an intestate proceeding, the court may determine the identity of all heirs, devisees and legatees, and any guardian or conservator of any minor or incompetent heir, devisee or legatee.
    B.  If the petition filed for the appointment of a personal representative or the notice of hearing such petition does not contain or reflect a request that the identity of the heirs, devisees and legatees be determined at the initial hearing, the personal representative may, at any time during the course of administration, file with the court a petition requesting that the identity of the heirs, devisees and legatees be determined. Such petition shall be heard following at least ten (10) days' prior notice to the heirs, devisees and legatees.

C.  If the petition requests the appointment of an administrator and the court determines that the petition can be heard without notice pursuant to the provisions of Section 128 [58–128] of this title, and the petition also contains a request that the identity of the heirs of the intestate decedent be determined, the court may proceed to appoint the administrator without notice and set such petition for hearing, following at least ten (10) days' prior notice to the heirs, with respect to the request that the identity of the heirs, legatees and devisees be determined.
D.  Any determination of heirs, legatees and devisees made pursuant to this section shall be conclusive for the purpose of acting upon any petition or application purporting to include waivers or consents of all heirs, devisees and legatees, but shall not establish the proportional interest of any person entitled to receive any distribution of assets or property from the estate; nor shall it prevent any person or entity from later establishing identity or rights as an heir, devisee or legatee.

issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section.

84 O.S.2001, 132 (emphasis added). This provision unambiguously pertains only to wills. It does not encompass a situation where a child is omitted from a trust, and we decline to extend its reach to revocable *inter vivos* trusts.[4]

¶ 18 Benjamin relies on *Thomas v. Bank of Oklahoma, N.A.*, 1984 OK 41, 684 P.2d 553. In *Thomas*, the spouse had placed her separate property in a revocable *inter vivos* trust but had retained the right of complete control and dominion over the trust assets. This Court ruled that a spouse could not defeat a surviving spouse's share of an estate under title 84, section 44 of the 1981 Oklahoma Statutes by placing the estate assets in a revocable *inter vivos* trust with the deceased spouse retaining control of the assets while living. This Court found that such a trust was illusory as to the surviving spouse. Benjamin argues here for an extension of *Thomas* to children. He submits that children should be treated the same as surviving spouses in that they are forced heirs under Oklahoma's pretermitted heir statute. We disagree.

¶ 19 When *Thomas* was decided in 1984, the 1981 version of Oklahoma's forced heir statute found at title 84, section 44 was in effect. It prohibited a spouse from

bequeath[ing] or devis[ing] away from the other [spouse] so much of the estate of the testator that the other spouse would receive less in value than would be obtained through succession by law; provided, however, that of the property not acquired by joint industry during coverture the testator be not required to devise or bequeath

more than one half thereof in value to the surviving spouse....

84 O.S.1981, 44.

¶ 20 Effective July 1, 1985, Oklahoma's forced heir statute was amended to prohibit a spouse from

bequeath[ing] or devis[ing] away from the other so much of the estate of the testator that the other spouse would receive less in value than an undivided one-half (1/2) interest in the property acquired by the joint industry of the husband and wife during coverture....

1984 Okla. Sess. Laws 853, ch. 233, § 2 (now codified at 84 O.S.2001, 44(B)(1)). The 1984 amendment is currently in effect.

¶ 21 Title 84, section 44 of the 1981 statutes and its current counterpart, known as "forced heir" statutes, are limitations on a married person's power to dispose of his or her property. *See Stinson v. Sherman*, 1965 OK 19, ¶ 0, 405 P.2d 172, 173 (Syllabus by the Court). The forced heir statute limits a spouse's power to disinherit the surviving spouse; the statute secures to a surviving spouse the right to elect a minimum statutory share in the deceased spouse's estate which is superior to other legatees and devisees. *Id.* A spouse may not disinherit a surviving spouse even with a clear expression of intent to do. *See id.*

¶ 22 In contrast, Oklahoma's pretermitted heir statute found at title 84, section 132 is not a limitation on a testator's power to dispose of his or her property. Section 132 is an assurance that a child is not unintentionally omitted from a will. *In re Hoobler*, 1996 OK 56, ¶ 8, 925 P.2d 13, 17. The pretermitted heir statute does not secure a child with a minimum statutory share of a parent's estate upon the death of a parent. *See id.* Unlike a spouse, a testator can disinherit a child if the will shows a clear intent to do so. *See id.* Unlike section 44's forced heir provisions, section 132 is ineffective against a testator's bequest of a pittance to a child. *See Eversole*, 1994 OK 114 at

4. For other cases reaching the same result based on pretermitted heir statutes similar to Oklahoma's see *Kidwell v. Rhew*, 371 Ark. 490, 268 S.W.3d 309, 2007 WL 3378399 (2007); *Robbins* *v. Johnson*, 147 N.H. 44, 780 A.2d 1282 (2001); *Bauhs v. Cayo*, 117 Wis.2d 154, 342 N.W.2d 785 (Ct.App.1983).

¶ 15, 885 P.2d at 664. The limitation on a testator's power to disinherit a spouse, coupled with a testator's power to disinherit a child, prevents the extension of the *Thomas* decision to a child.

## V. CONCLUSION

¶ 23 The record is void of title 58, section 240's required notice before a determination of heirs. Thus, the September 3, 2003 order's determination of heirs is not binding on this Court. However, the trial court correctly found that the terms of Oklahoma's pretermitted heir statute do not extend to a revocable *inter vivos* trust. This decision left Benjamin with no claim to the trust assets. Because the trial court reached the correct result, we affirm. The Court of Civil Appeals' opinion is vacated, and the district court's judgment is affirmed.

**OPINION OF THE COURT OF CIVIL APPEALS VACATED; DISTRICT COURT'S JUDGMENT AFFIRMED.**

WINCHESTER, C.J., EDMONDSON, V.C.J., HARGRAVE, OPALA, KAUGER, WATT, TAYLOR, COLBERT, JJ., concur.

REIF, J., disqualified.