OSCN Found Document:IN THE MATTER OF THE ESTATE OF CHESTER

 

 
 

 
 IN THE MATTER OF THE ESTATE OF CHESTER
2021 OK 12
Case Number: 118018
Decided: 03/23/2021
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2021 OK 12, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN THE MATTER OF THE ESTATE OF BUDDY WAYNE CHESTER, DECEASED,

STEVEN W. CHESTER, Appellant,
v.
LISA MARTIN, PERSONAL REPRESENTATIVE OF THE ESTATE AND BRANDON STROUDER CHESTER, Appellees.

CERTIORARI TO THE COURT OF CIVIL APPEALS, DIVISION III

Honorable Timothy A. Brauer, Trial Judge

Â¶0 The decedent, Buddy Wayne Chester, wrote a holographic will leaving everything to his grandson, Brandon Strouder Chester. The will neglected to mention the decedent's son, Steven Chester and daughter, Lisa Martin. The son requested that the trial court determine that he was a pretermitted heir under the will. After a hearing, the trial court determined that the face of the holographic will showed intent to omit the son as a beneficiary, and that the omission was not accidental. The son appealed, and the Court of Civil Appeals affirmed. We granted certiorari, and hold that the testator's son was a pretermitted heir under his father's holographic will.

CERTIORARI PREVIOUSLY GRANTED;
COURT OF CIVIL APPEALS VACATED;
TRIAL COURT REVERSED.

Jeffrey I. Crain, Oklahoma City, Oklahoma, Joseph C. Schubert, Scottsdale, Arizona, for Appellant.

David K. Ratcliff, Chickasha, Oklahoma, for Appellee, Lisa Martin.

Ronald A. Schaulat, Oklahoma City, Oklahoma, for Appellee, Brandon Chester.

KAUGER, J.:

Â¶1 The dispositive issue presented is whether the testator's son was a pretermitted heir under his father's holographic will. We hold that he was.

FACTS

Â¶2 The decedent, Buddy Wayne Chester (decedent/Chester) died on February 24, 2018. He had one adult son, the appellant, Steven Chester (son), and one adult daughter, the appellee, Lisa Martin (daughter).[1] On March 6, 2018, the daughter filed a petition for Administration, Appointment of Personal Representative, and Determination of Heirs in the District Court of Grady County. She alleged that Chester died without a will, and she consented to act as the personal representative. The trial court appointed the daughter as Special Administrator on March 6, 2018.

Â¶3 On March 20, 2018, decedent's grandson, the appellee, Brandon Strouder Chester (grandson) filed an objection and contest to the Petition for Administration. He argued that: 1) the cause should be transferred to Oklahoma County where the decedent had resided since 1995, and where the grandson had filed the decedent's probate on March 5, 2018, a day before this cause was filed; 2) the decedent left a holographic will; 3) the daughter should not be appointed as an administrator because she had filed bankruptcy multiple times and removed and damaged estate property; and 4) the son should be disqualified as well because he once shot the decedent causing him lifelong injuries and suffering.

Â¶4 A copy of the holographic will was attached to the grandson's objection. It provides, exactly as written:

10-30-17

Last Will of Buddy Wayne Chester

I Leave Everything I own to Brandon Wayne Strouder Chester my Land my home, Furniture, mini van pickup Truck Riding Lawn Mowers and all my cash Holdings I also want to be buried in newcastle ok cemetery

Buddy W. Chester[2]

The entirety of the will was written in the decedent's own handwriting, even though he printed portions of it, and wrote portions in cursive.[3] On September 13, 2018, the son filed a counter-petition in response to the holographic will alleging that he was a pretermitted heir of the decedent. He also complained that the will was printed in part and written in part, rather than all "handwritten."

Â¶5 On November 19, 2018, the court held a hearing. The next day, November 20, 2018, the trial court filed an Order Admitting the Will to Probate, Appointing Personal Representative, and Determining Heirs. In it, the court:

1) determined venue was proper;
2) appointed the daughter personal representative;
3) admitted the holographic will to probate;
4) overruled the son's request for continuance;
5) required all of the parties are to submit a sworn list of items taken from the estate; and
6) directed the personal representative to provide a current inventory within thirty days; and to provide and share information with the son and grandson.

Â¶6 On December 31, 2018, the son filed a Motion for an Order Determining Steven W. Chester was a Pretermitted Heir. On January 1, and January 15, 2019, the daughter and grandson objected to the son's motion. The trial court held a hearing on March 28, 2019, and on May 6, 2019. It filed a journal entry in which it determined that the face of the holographic will showed intent to omit the son as beneficiary, and that the omission was not accidental. On June 3, 2019, the son appealed, and the cause was assigned to the Court of Civil Appeals. On June 11, 2020, the Court of Civil Appeals, Division III, affirmed the trial court. We granted certiorari on December 14, 2020.

I.

THE TESTATOR'S SON WAS A PRETERMITTED HEIR UNDER HIS 
FATHER'S HOLOGRAPHIC WILL.

Â¶7 The son argues that the face of the holographic will clearly fails to mention him, and, therefore, he was pretermitted. The daughter and grandson argue that the omission of the son was intentional, and that no one was pretermitted. Alternatively they argue that the proper remedy in this cause is to disregard the holographic will altogether, and enforce a previously prepared typed will that the decedent made in 2007.

Â¶8 Title 84 O.S. 2011 Â§54 defines a holographic will as one that is entirely written, dated, and signed by the hand of the testator. It is subject to no other form, may be made in or out of this State, and need not be witnessed.[4] Title 84 O.S. 2011 Â§132 describes a pretermitted heir as occurring when any testator omits to provide in his or her will for a child, or for the issue of any deceased child unless it appears that such omission was intentional.[5] The application of the pretermitted heir statute to holographic wills is well settled.

Â¶9 In the Matter of the Estate of Woodward v. Cradduck, 1991 OK 25, 807 P.2d 262, we addressed whether the testator's intent to omit grandchildren appeared on the face of her holographic will in strong and convincing language. The holographic will mentioned the decedent's two sons, daughter, and one daughter-in-law, but made no mention whatsoever of grandchildren or their heirs. It also stated that all other persons were excluded from receiving anything from the estate.

Â¶10 The grandchildren and one heir of a predeceased grandchild argued that the testator's intent to omit them from receiving under the will did not appear within the four corners of the will. We agreed. The Court applied the pretermitted heir statute to the holographic will, and held that intent to disinherit must appear upon the face of the will in strong and convincing language. Because there was no mention of the grandchildren by name or class, the Woodward Court held that the testator's intent did not appear within the four corners of the will.

Â¶11 In re Castle's Estate, 1953 OK 292, 262 P.2d 704 also concerned a holographic will wherein the testator used the phrase "To my Dear Children" in a will in which two of the testator's children were not otherwise named or provided for. The Court held that the language was insufficient to establish an intention to disinherit such children. The Court also noted that the test is not whether it was an unintentional omission, but rather whether it appears that the omission was intentional. The statute requires an omission to provide for the children, not merely an omission to name the children.

Â¶12 Pursuant to both Woodward, supra, and Castle's Estate, supra, the pretermitted heir statute undeniably applies to holographic wills. The question becomes whether the son, in this cause, was pretermitted in his father's holographic will. Disposing of property is an inalienable natural right throughout a person's lifetime.[6] However, the method of disposition of property after death and the right of inheritance are statutory.[7] The Oklahoma Legislature provided for wills and trusts as a means of disposing of one's property at death.[8] The Oklahoma pretermitted heir statute, 84 O.S. 2011 Â§132, provides a statutory method of inheritance for children that a testator unintentionally fails to provide for or name in a will. It is not a limitation on a testator's power to dispose of his or her property. Rather, it is an assurance that a child is not unintentionally omitted from a will.[9]

Â¶13 Last year, we decided In re Estate of James, 2020 OK 7, 472 P.3d 205 which is instructive here. James primarily involved the question of whether a child is pretermitted if its beneficiary status of a non-probate asset [ie, an insurance policy] differed from the bequest in the will. What is instructive is our in-depth discussion of pretermitted heirs and how a court determines if someone was intentionally omitted from a will. In Â¶Â¶17-19, we said:

. . .The pretermitted heir statute does not secure a child with a minimum statutory share of a parent's estate upon the death of a parent. The purpose of the statute is merely to protect an issue's right to take, unless the will gives a clear expression of intentional omission. By the terms of the statute, it must "appear" that the testator intended to leave his child with nothing.

Â¶18 Cases are legion holding that the prime purpose in construing a will is to arrive at and give effect to the intent of the testator. Since 1928, this Court has consistently interpreted this statute to the effect that an intentional omission to provide for the testator's issue must appear clearly within the four corners of the testamentary document itself. In other words, was there an omission of the will contestant completely, either by name or class? Is there any language in the will manifesting the omission as an intentional act?

Â¶19 Even the disposition of the entire estate does not alone evince an intent to omit a child or a deceased child's issue. Intent to disinherit must appear upon the face of the will in strong and convincing language. It is also well established that the intent to disinherit must appear within the four corners of the testamentary document, and that extrinsic evidence is inadmissable unless ambiguities appear on the face of the will. (Citations omitted.)

Â¶14 In James, supra, we noted that there are many ways a person can express the intention to omit to provide for his or her children, including:

1) expressly stating that the named child is to receive nothing;
2) providing only a nominal amount for the child who claims to be pretermitted;
3) naming a child, but then leave them nothing;
4) declaring any child claiming to be pretermitted take nothing; or
5) specifically denying the existence of members of a class to which the claimant belongs coupled with a complete disposition of the estate.

Â¶15 The will in James, supra, expressed none of these. Instead of an express omission, the testator expressly listed all three of his children and expressly left all three children something in his will. There were no children pretermitted in this will. Rather, the problem was with the way he handled the beneficiary status on a non-probate asset after the will was created, and apparently against the advice of counsel.

Â¶16 Like the will in James, supra, there are no ambiguities appearing on the face of the will in this cause. Unless ambiguities appear on the face of the will, extrinsic evidence is inadmissable.[10] The intent to disinherit must appear within the four corners of the testamentary document in strong and convincing language.[11]

Â¶17 Here, the will expressed none of the ways in which the testator could have expressed the intention to omit to provide for his children. The testator did not state that his children were to take nothing or provide only a nominal amount to them. He did not name a child, but leave it nothing, nor declare any child was to take nothing. He did not specifically deny the existence of children coupled with complete disposition of the estate.

Â¶18 To the contrary, the decedent neglected to list either of his two children or acknowledge their existence. The son was pretermitted in his father's will. The daughter was also pretermitted, although she did not argue that she was. We must reverse and remand the cause to the trial court to follow the terms of the pretermitted heir statute and distribute the estate accordingly.[12]

CONCLUSION

Â¶19 Testators have the freedom to dispose of their estate as they wish. Nevertheless, even in the case of a holographic will, which requires less formalities and no particular form, a testator must comply with the law regarding pretermitted heirs. The will neglected to list either of his two children or acknowledge their existence, thus rendering them pretermitted heirs. There are no ambiguities on the face of the will. Therefore, extrinsic evidence may not be used to determine the testator's intent concerning why he neglected to mention his children.

CERTIORARI PREVIOUSLY GRANTED;
COURT OF CIVIL APPEALS VACATED;
TRIAL COURT REVERSED.

Darby, C.J., Kane, V.C.J., Kauger, Winchester, Edmondson, Combs, Gurich, Rowe, J.J., CONCUR.

FOOTNOTES

[1] The amended answer filed on October 3, 2018, lists the decedent as survived by the adult son and daughter and two sisters. The counter-petition filed the same day also includes the grandson as a surviving heir.

[2] The original holographic will was filed on November 19, 2018, and is listed as exhibit C-3 in the record.

[3] Handwriting is writing done with a writing instrument, by hand. It includes both printing and cursive styles. Huber, Roy A.; Headrick, A.M. (April 1999), Handwriting Identification: Facts and Fundamentals, New York; CRC Press, p. 84.

[4] Title 84 O.S. 2011 Â§54 provides:

A holographic will is one that is entirely written, dated and signed by the hand of the testator himself. It is subject to no other form, and may be made in or out of this State, and need not be witnessed.

[5] Title 84 O.S. 2011 Â§132 provides:

When any testator omits to provide in his will for any of his children, or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section.

[6] In re Estate of James, 2020 OK 7, Â¶17, 472 P.3d 205; Estate of Jackson, 2008 OK 83, Â¶15, 194 P.3d 1269; Snodgrass v. Snodgrass, 1924 OK 597, Â¶10, 231 P. 237.

[7] In re Estate of James, see note 6, supra; Estate of Jackson, see note 6, supra; Snodgrass v. Snodgrass, see note 6, supra.

[8] In re Estate of James, see note 6, supra; Title 84 O.S. 2011 Â§44, 60 O.S. 2011 Â§175, 84 O.S. 2011 Â§301.

[9] In re Estate of James, see note 6, supra; Estate of Jackson, see note 6, supra; Estate of Hoobler, 1996 OK 56, Â¶8, 925 P.2d 13.

[10] In re Estate of James, see note 6, supra; In the Matter of the Estate of Hester, 1983 OK 93, Â¶4, 671 P.2d 54; Estate of Severns v. Severns, 1982 OK 4, Â¶6, 650 P.2d 54.

[11] In re Estate of James, see note 5, supra; In the Matter of the Estate of Hester, see note 9, supra; Estate of Severns v. Severns, see note 9, supra.

[12] Title 84 O.S. 2011 Â§132, see note 5, supra.

Â