IN THE MATTER OF THE ESTATE OF SHEPHERD
2023 OK CIV APP 24
Case Number: 120182
Decided: 06/22/2023
Mandate Issued: 07/26/2023
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2023 OK CIV APP 24, __ P.3d __

 

IN THE MATTER OF THE ESTATE OF PRISCELLA ELAINE SHEPHERD, deceased.

MARY HELEN SEEVER and KATHY JO SHEPHERD, Appellants,
v.
JUDY SIXKILLER, Personal Representative of the Estate of Priscella Elaine Shepherd, deceased; and AMBER DAWN SHEPHERD, Appellees.

APPEAL FROM THE DISTRICT COURT OF
BLAINE COUNTY, OKLAHOMA

HONORABLE ALLISON M. LAFFERTY, TRIAL JUDGE

AFFIRMED

Jana L. Knott, BASS LAW, Oklahoma City, Oklahoma, for Appellants

Michelle Nabors, Jared Harrison, Emily Stoner, HARRISON & MECKLENBURG, INC., Stillwater, Oklahoma, for Appellee Sixkiller

JOHN F. FISCHER, JUDGE:

¶1 Mary Helen Seever and Kathy Jo Shepherd (Daughters), appeal the denial of their application to be determined pretermitted heirs and awarded one-third of the estate of their deceased mother, Priscella Elaine Shepherd. The district court found that Priscella's holographic will was valid and unambiguous, and Daughters were not pretermitted heirs because the will provided for Daughters, devising them a portion of Priscella's estate. We affirm.

BACKGROUND

¶2 Priscella died on August 30, 2021. Priscella had two daughters, Mary Helen Seever and Kathy Jo Shepherd, one son, Eric Brett, and one granddaughter, Amber Dawn Shepherd, all of whom were living at the time of her death. The subject of this appeal is a holographic will dated April 4, 2021, and signed by Priscella on July 2, 2021. The will was also witnessed on that date by two individuals who designated themselves as "RN." The will was admitted to probate, without objection, on November 29, 2021, as Priscella's "Last Will and Testament . . . [and] established as a valid Will passing both real and personal property . . . ."

¶3 Except for the signatures previously described, Priscella's will provides, in its entirety:

Last will and testament of Priscella Elaine Shepherd dated 4-2-1921 ps 2021.
Judy M. Six Killer to be executor of all my estate and all moneys in bank.
Amber Dawn Shepherd is to receive all contents house & two lots ps three lots.
Fourth lot to be sold & money distributed as needed.
All moneys owed by anyone is forgiven. This is my desire and will to be for all relatives.

¶4 Ms. Sixkiller was appointed as the personal representative and issued letters testamentary the same day the will was admitted.

¶5 Daughters filed an objection and application for share of Priscella's estate. They pointed out that Priscella's three children were not mentioned in the will and argued that they were pretermitted heirs and the only heirs-at-law entitled to a share of Priscella's estate. Daughters argued that Priscella's will contained no language demonstrating the clear and express intent required by law to disinherit her three children and, therefore, the bequest to Priscella's granddaughter Amber failed. The objection was set for hearing. No evidence was taken at the hearing. The district court construed the will as a whole, "including the clause reading, 'This is my desire and will to be for all relatives.'" The court ruled that Daughters were not pretermitted heirs; they were intended beneficiaries of the "fourth lot" provision of the will. The district court denied Daughters' application, and that Order is the subject of this appeal.

STANDARD OF REVIEW

¶6 The issue in this appeal is whether Priscella intended to provide for Daughters in her will. The resolution of that issue requires construction of Priscella's will. The primary purpose in construing a will is to determine the intent of the testator. Rogers v. Estate of Pratt, 2020 OK 27467 P.3d 651In re Estate of Chester, 2021 OK 12497 P.3d 284

¶7 "Probate proceedings are of equitable cognizance." In re Estate of Fulks, 2020 OK 94477 P.3d 1143In re Estate of Crowl, 1987 OK 13737 P.2d 911Fulks, 2020 OK 94

ANALYSIS

¶8 The Daughters argue that because they were not mentioned by name in Priscella's will the district court erred when it found that they were not pretermitted heirs. Before addressing that argument, we must determine first whether the district court correctly found that Priscella's will was unambiguous regarding her donative intent. The laws of Oklahoma and the rules prescribed in Chapter 3 of Title 84, "Interpretation of Wills," govern the construction and interpretation of Priscella's will. 84 O.S.2021 § 153In re Estate of Fletcher, 1957 OK 7308 P.2d 304

¶9 The fundamental rule is stated in 84 O.S.2021 § 15184 O.S.2021 § 15284 O.S.2021 § 158

¶10 We find no ambiguity in the language of Priscella's will with respect to its devise to her heirs. Although Daughters may have a different interpretation of some of the language, that does not mean the language is ambiguous. See Pitco Prod. Co. v. Chaparral Energy, Inc., 2003 OK 563 P.3d 541

I. Daughters' Pretermitted Heir Argument

¶11 Daughters point out that they are not mentioned by name in Priscella's will. For that reason, they argue that they are pretermitted heirs entitled to a one-third share each of Priscella's estate. In support of their argument, Daughters cite 84 O.S.2021 § 132

When any testator omits to provide in his will for any of his children, or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section.

Daughters focus their argument on recent Oklahoma Supreme Court precedent addressing what this statute requires of a testator who intentionally omits to provide for a "child, or the issue of such child." Id.

¶12 First, we must determine whether section 132 applies in this case. By clear language, the statute applies only "[w]hen any testator omits to provide in his will for any of his children." Id. If Priscella's will provided for Daughters, they are not pretermitted heirs and section 132 does not apply. "The statute requires an omission to provide for the children, not merely an omission to name the children." In re Estate of Chester, 2021 OK 12497 P.3d 284

II. Priscella's Will Provides for Daughters

¶13 Although Daughters objected to Priscella's devise to her granddaughter Amber, they do not argue the devise lacks clarity or that the language Priscella used to express her intent is unclear. It is undisputed that the will evidences Priscella's intent to give her house and all of its contents to her granddaughter, plus "two lots."Estate of Chester, 2021 OK 12497 P.3d 284

¶14 A testator's relatives are a class of persons that may be excluded from taking from the testator's estate. Rogers v. Estate of Pratt, 2020 OK 27467 P.3d 65184 O.S.2021 § 171

¶15 Title 84 O.S.2021 § 132In re Estate of James, 2020 OK 7472 P.3d 205Id. ¶ 17, 472 P.3d at 210.

CONCLUSION

¶16 The dispositive issue in this case is not whether Priscella intended to disinherit Daughters. The dispositive issue is whether Priscella provided for Daughters in her will. Because we find an unambiguous devise in Priscella's will to Daughters, they were not "omitted." We need not consider whether Priscella's will complies with 84 O.S.2021 § 132

¶17 AFFIRMED.

HUBER, J., concurs, and BLACKWELL, P.J., dissents.

FOOTNOTES

84 O.S.2021 § 133In re Estate of Parker, 2023 OK 50529 P.3d 203See Okla. Sup. Ct. R. 1.200(e), 12 O.S.2021 ch. 12, app. 1. Section 133 would appear to dictate the same result reached in this Opinion if Parker were controlling authority and Daughters were considered to be pretermitted heirs.

 

 

 

BLACKWELL, P.J., dissenting:

¶1 I respectfully dissent. The testator's devise of the fourth lot was not to either of his daughters. Indeed, it was not to any person or entity at all, but rather "to be sold" with the proceeds to be "distributed as needed."See, e.g., Matter of Estate of Paris, 1993 OK CIV APP 50856 P.2d 58384 O.S. § 132See Matter of Estate of James, 2020 OK 7472 P.3d 205 ("Since 1928, this Court has consistently interpreted this statute to the effect that an intentional omission to provide for the testator's issue must appear clearly within the four corners of the testamentary document itself.... Intent to disinherit must appear upon the face of the will in strong and convincing language."). The decedent's will here does not come close to meeting this high standard. Accordingly, I would reverse the trial court's decision to the contrary and remand for a determination of the appropriate distribution, as informed by Matter of Estate of Parker, 2023 OK 50

FOOTNOTES

all money that it "distributed as needed"? One cannot tell from the four corners of the will. Given that no beneficiary is named in either instance, however, the ambiguity need not be resolved. All such funds should pass through intestacy. See note 2, supra.

84 O.S. § 211