## KOSTOS et al. v. ANDERSON.

No. 34262.   Jan. 22, 1952.

*240 P. 2d 73.*

Donald E. Powers, M. A. Cox, and William A. Vassar, Chandler, for plaintiffs in error.

R. L. Hert, Stillwater, for defendant in error.

ARNOLD, C. J.   This is an appeal from the district court of Lincoln county where the will of Frank Weeks, deceased, was construed. The trial court held a devise described as the east half of the northeast quarter of township 15 north, range 5 east, Lincoln county, Oklahoma, could be sustained and extrinsic evidence received to supply the section number. From this judgment, the heirs appeal.

The evidence is undisputed and the only issue is whether this provision of the will is too vague and uncertain to constitute a devise of any property. The decedent was at the time the will

was made and at the time of his death the owner of but one tract of land which was described as the east half of the northeast quarter, section 10, township 15 north, range 5 east, Lincoln county, Oklahoma.

The general rule for the supplying of omitted words in a will is stated in 69 C. J. 82, §1140 (4):

"Words omitted from a will may be supplied by the court whenever necessary to effectuate the testator's intention as expressed in the will; but not when the effect of inserting the words in the will would alter or defeat such intention, or change the meaning of words that are clear and unequivocal. Nor will words be read into a will unless it is certain beyond a reasonable doubt that the testator has not expressed himself as he intended and supposed he had done; and it must also appear with equal certainty what particular words were omitted, and, if such certainty does not exist, it is immaterial that a failure to insert words would produce a state of partial intestacy. The mere omission of words by the testator from his will through oversight on his part, or due to the mistake of a copyist, cannot be remedied by the court in the absence of an intention apparent on the face of the will as written."

In Malone v. Herndon, 197 Okla. 26, 168 P. 2d 272, a devise was attacked as being too vague and uncertain to be valid where the property was described as "my residence, now occupied by me as a home and located upon the Southwest Quarter of Section 21, Township 17 North, Range 3 East of the Indian Meridian in Lincoln County, State of Oklahoma, together with the garden and poultry yard, and such other ground adjacent to said residence as is necessary for the convenient use of said residence as a home, not to exceed in all 10 acres of land". We there held the description was sufficient and the court did not err in setting off the 10 acres by metes and bounds.

The precise proposition was decided by the Supreme Court of Alabama in Higgins et al. v. Tennessee Coal, Iron & R. Co., 183 Ala. 639, 62 So. 774, where that court held:

"In ejectment, where an owner from whom both parties derived title in his will described the land by government subdivisions but omitted to give the section number, parol evidence is admissible to show that he owned lands in a certain section corresponding to that description and owned no other lands to which the description in the will could be applied, since such a case falls within a class intermediate between strictly patent and latent ambiguities in description, in which class parol evidence is admissible."

The intent of the testator to devise this particular tract of land is clear. The unintentional omission of the section number may be supplied by extrinsic evidence.

Judgment affirmed.