**In the Matter of the ESTATE OF Kathryn PARIS, Deceased.**

**Paul WHEELER, as Personal Representative of the Estate of Louis Paris, Deceased, Appellant,**

v.

**McALESTER BOYS CLUB, INC.; St. Joseph's Catholic Church of Krebs; and, Youth Emergency Shelter, Inc., Appellees.**

No. 79087.

Court of Appeals of Oklahoma, Division No. 1.

March 16, 1993.

Rehearing Denied May 11, 1993.

Certiorari Denied July 13, 1993.

**584**

Todd Hembree, Muskogee, for appellant.

Gary L. McKnight, McAlester, for appellee, McAlester Boys Club, Inc.

James D. Wadley, McAlester, for appellee, Youth Emergency Shelter, Inc.

John B. Jarboe, Tulsa, for appellee, St. Joseph's Catholic Church of Krebs.

### MEMORANDUM OPINION

GARRETT, Judge:

Kathryn Paris (Decedent) died in September, 1990. She was survived by her husband, Louis Paris (Husband). He died in March, 1991. At the time of her death, no will was found and her estate was considered intestate. An Administrator was appointed. A few months later, a holographic instrument, purporting to be a will was found among decedent's papers. The holographic instrument was entirely written, dated and signed in Decedent's handwriting, and is as follows:

```
Last Will—          7-16-89
Being of sound mind
I leave to Sandra Barton
the two homes and garage
building to be rented if
possible—I also leave
to the Catholic Church
        Boys Club
        Youth Shelter
        Money for Louis
        Money for Kathryn
        Orler 25,000
Pat Nickerson       Signed
    Trustee         Kathryn Paris
```

A petition was filed to admit the instrument to probate as the Last Will and Testament of Decedent. There was no contest and it was admitted to probate as her Holographic Will.

Later, the Personal Representative filed a Final Account and petition for Distribution and Discharge. He alleged that the Will failed and the entire estate should be distributed to the estate of the deceased husband. The petition For Distribution was contested. The Court entered a finding that the Will was ambiguous and scheduled a hearing for the parties to present evidence relating to the proper construction to be given to the Will.

At the hearing, the issue was presented and tried on a written stipulation as to the known extrinsic evidence. The court held: (1) the instrument was no longer ambiguous; (2) the devise to Sandra Barton of the two homes and garage building failed because the property was owned in joint tenancy by Decedent and her husband; (3) "Orler" was Victor Orler, a friend and associate of Decedent's husband; (4) the bequest of $25,000 to Victor Orler failed because he filed a disclaimer; (5) "Kathryn" was Decedent, Kathryn Paris; (6) "Money for Kathryn" should be construed as requiring the payment of all of her debts, obligations, funeral expenses and expenses of administration of her estate; and, (7) that "I also leave to the Catholic Church Boys Club Youth Shelter Money for Louis" meant that the Catholic Church of Krebs, Oklahoma, the McAlester Boys Club, the Youth Emergency Shelter, and Decedent's husband, Louis Paris, were intended to be beneficiaries. Since the devise to Sandra Barton and the bequest to Victor Orler failed, the estate must be distributed to the four residuary legatees and devisees, with each receiving 25% of the estate remaining after paying Decedent's debts, obligations, funeral expenses, and expenses of administration.

The Personal Representative of the estate of Louis Paris, deceased (P.R.) appeals, and contends that 100% of the residual estate should be distributed to husband's estate. P.R. cites *Kostos v. Anderson*, 205 Okl. 655, 240 P.2d 73 (1952), wherein the Court said:

> The general rule for the supplying of the omitted words in a will is stated in 69 C.J. 82, Section 1140(4): Words omitted from a will may be supplied by the court whenever necessary to effectuate the testator's intention as expressed in the will; but not when the effect of inserting the words in the will would alter or defeat such intention, or change the meaning of words that are clear and unequivocal. Nor will words be read into a will unless it is certain beyond a reasonable doubt that the testator has not expressed himself as he intended and supposed he had done; and, *it must also appear with equal certainty what particular words were omitted, and, if such certainty does not exist, it is immaterial that a failure to insert words would produce a state of partial intestacy. The mere omission of words by the testator from his will through oversight on his part,* or due to a mistake of the copyist, *cannot be remedied by the court in the absence of an intention apparent on the face of the will as written.* (*Kostos,* 240 P.2d at 73, emphasis added.)

As pertinent here, it is impossible to determine from the four corners of the instrument what type of property, real or personal, and what share, amount or quantity of that money or property each beneficiary is to receive.

Extrinsic evidence, such as parol evidence, is admissible to determine an ambiguity to show what a testator meant by what she said, such evidence is not admissible to show what the testator intended to say. A Court may not insert words in an instrument where none exist; to do so would be to rewrite the will. As the Court said in *Baxter v. Davis,* 798 P.2d 644 (Okl. 1990):

> The rule of construction that the Testator's intent must be carried out, if possible, does not authorize the court to make a new will to conform to what it may

think the testator intended, but intent must be determined from the will as it stands. (*Baxter*, at 647.)

The Court has impermissibly written a will for Decedent regarding the bequests made to "Youth Shelter", "Catholic Church", and "Boys Club". The Will must fail as to those bequests. Similarly, the bequests stating "money for Kathryn", and "money for Louis" fail because of vagueness. To correctly interpret the Will, the Court was required to construe the language used by the testator. The addition of words and thoughts was error.

■ Regarding the devise to Sandra Barton, the extrinsic evidence showed that the only homes and garage owned by Decedent were owned in joint tenancy with surviving Husband. Therefore, that property passed to Husband. While a specific devise possibly existed in favor of Sandra Barton, it fails by reason of ademption. *In re Van Duyne's Estate*, 205 Okl. 440, 239 P.2d 387 (1951).

Finally, the bequest stating "Orler $25,-000" was interpreted to mean a bequest of $25,000.00 to a friend of Decedent, Victor Orler. While this appears to be a valid bequest, it also fails because Victor Orler filed a disclaimer regarding his bequest. It follows that the estate assets must be distributed in accordance with the law of intestate succession.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

ADAMS, P.J., and JONES, J., concur.