CHRISTIAN v. CHRISTIAN



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:CHRISTIAN v. CHRISTIAN

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 CHRISTIAN v. CHRISTIAN
2018 OK 91
Case Number: 115474
Decided: 12/04/2018
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 91, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

JON CHRISTIAN, Petitioner-Appellee,
v.
DAISY CHRISTIAN, Respondent-Appellant.

CERTIORARI TO COURT OF CIVIL APPEALS, DIVISION IV,
HONORABLE DENNIS L. GAY, TRIAL JUDGE

¶0 Husband and Wife were divorced following a four-day trial. On June 30, 2016, a Decree of Dissolution of Marriage, memorializing the trial court's rulings, was filed in the proceeding. On July 15, 2016, Husband and Wife both filed motions seeking reconsideration of certain aspects of the Decree. Husband subsequently filed a response to Wife's motion, arguing it had not been filed within ten days; and therefore, was not timely under 12 O.S. 2011 § 653. Following a hearing, the trial court denied Wife's motion, concluding it had been filed out of time. On appeal, the Court of Civil Appeals, Division IV, affirmed the trial court's denial of Wife's motion to reconsider, also concluding Wife's motion was not timely filed. The Oklahoma Supreme Court granted Wife's petition for certiorari, and determined both tribunals erred by miscalculating the ten-day deadline in § 653 in light of the time computation requirements in 12 O.S. 2011 § 2006(A).

TRIAL COURT'S ORDER DENYING MOTION FOR NEW TRIAL IS
REVERSED; COCA OPINION VACATED; MATTER REMANDED
TO THE TRIAL COURT FOR FURTHER PROCEEDINGS
CONSISTENT WITH THIS OPINION

George H. Brown, Brown & Gould PLLC, Oklahoma City, OK, for Daisy Christian, Appellant

MaryGaye LeBoeuf, Oklahoma City, OK, for Jon Christian, Appellee -and-
E.J. Buckholts II and Carl Buckholts, Ellis & Buckholts, Duncan, OK, for Jon Christian, Appellee

GURICH, V.C.J.

Facts & Procedural History

¶1 Jon Christian (Husband) and Daisy Christian (Wife) were divorced following a four-day trial in the Stephens County District Court. A Decree of Dissolution of Marriage memorializing the trial court's findings was filed on June 30, 2016. Both parties filed motions on July 15, 2016, requesting clarification and/or modification of the Decree. Husband also filed a post-judgment motion requesting an award of attorney fees and costs.

¶2 On September 29, 2016, the trial court held a hearing on the parties' respective motions. Although the trial judge sustained Husband's motion to clarify the decree by entering an order nunc pro tunc, he further determined Wife's motion was "not timely filed."[1] Separate journal entries were entered for each motion and filed of record on October 3, 2016.

¶3 Wife commenced the present appeal on October 27, 2016. The sole order attached to the petition in error was the Decree of Dissolution of Marriage. An order was issued by the Court of Civil Appeals following case assignment directing Wife to "file an amended petition in error, containing the trial court's October 3, 2016, order denying the motion for new trial, no later than November 15, 2017." Wife timely complied with COCA's directive.

¶4 On January 22, 2018, COCA issued its opinion affirming the trial court's denial of Wife's motion for new trial. Specifically, the appellate court concluded:

Wife filed a "Motion for New Trial/Motion to Reconsider" on July 15, 2016, more than ten, but less than thirty, days following the entry of the Decree. The trial court denied the motion in an order filed October 3, 2016, finding it without merit and untimely filed. Wife filed a Petition in Error on October 27, 2016, seeking review.

If this Court considers Wife's motion to be one for a new trial, it is ineffective, because it was filed more than ten days after the final Decree was filed. . . . Therefore, we consider Wife's motion to be one to modify or vacate the Decree, pursuant to 12 O.S.2011, §§ 1031 and 1031.1. Further, such filing, made more than ten days following the Decree, does not operate to extend the time to appeal the Decree.

. . . .

. . . Consequently, the June 30, 2016, Decree dividing the marital assets is beyond appellate review.[2]

Wife filed a petition for rehearing, urging the appellate court to reconsider its finding that her appeal of the Decree had been filed out of time. Wife's petition informed COCA that it had failed to consider 12 O.S. 2011 § 2006(A) when calculating the ten-day time limit for filing a motion for new trial under 12 O.S. 2011 § 653(A). On March 28, 2018, COCA unamimously denied Wife's request for reconsideration of the opinion. Wife filed a petition requesting certiorari review, which we granted. After reviewing the record and relevant statutes, we hold the trial judge erroneously concluded Wife's motion for new trial was untimely by failing to account for the statutory time computation requirements in 12 O.S. 2011 § 2006(A).

Standard of Review

¶5 When this Court is faced with a question of statutory interpretation, we apply a de novo standard of review. Legarde--Bober v. Okla. State Univ., 2016 OK 78, ¶ 5, 378 P.3d 562, 564. When reviewing a statute, the Court's primary goal is to determine the legislative intent through the "plain and ordinary meaning" of the statutory language. In re Protest of Hare, 2017 OK 60, ¶ 10, 398 P.3d 317, 319-20. We will only employ rules of statutory construction when legislative intent cannot be ascertained (e.g., in cases of ambiguity). Odom v. Penske Truck Leasing Co, 2018 OK 23, ¶ 18, 415 P.3d 521, 528. Our test for determining if a statute contains an ambiguity is whether its language is susceptible to more than one meaning. Am. Airlines, Inc. v. State ex rel. Okla. Tax Comm'n, 2014 OK 95, ¶ 33, 341 P.3d 56, 64. Applying these principles to the present case, we find no ambiguity in the plain words of the statutes.

Analysis

¶6 The Oklahoma Legislature has vested litigants with the right to pursue relief from a final civil judgment by filing a motion within the specified period of time. Title 12 O.S. 2011 § 653 sets out the time limitations for bringing a motion seeking a new trial:

A. Unless unavoidably prevented, an application for a new trial by motion, if made, must be filed not later than ten (10) days after the judgment, decree or appealable order prepared in conformance with Section 696.3 of this title has been filed. More than ten (10) days after the judgment, decree, or appealable order which conforms with Section 696.3 of this title has been filed, an application for a new trial by petition may be filed in conformance with the provisions of Section 655 of this title.

B. If the moving party did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be mailed to the moving party, and the court records do not reflect the mailing of a copy of the judgment, decree, or appealable order to the moving party within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order, the motion for new trial may be filed no later than ten (10) days after the earliest date on which the court records show that a copy of the judgment, decree, or appealable order was mailed to the moving party.

C. A motion for new trial filed after the announcement of the decision on all issues in the case but before the filing of the judgment or decree shall be deemed filed immediately after the filing of the judgment or decree.

The Decree of Dissolution reflected service on both parties the same day it was filed. Thus, under § 653(A), Wife had ten (10) days from June 30, 2016, to file a motion seeking a new trial. Reading this provision alone would establish a deadline of July 10, 2016; however, the temporal constraints in § 653(A) must be read in harmony with 12 O.S. 2011 § 2006(A). See Rogers v. Quiktrip Corp., 2010 OK 3, ¶ 11, 230 P.3d 853, 859 (noting "different provisions must be construed together to effect a harmonious whole and give intelligent effect to each").

¶7 Section 2006(A)(1) reads as follows:

In computing any period of time prescribed or allowed by this title, by the rules of any court of this state, or by order of a court of this state, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a legal holiday as defined by Section 82.1 of Title 25 of the Oklahoma Statutes or any other day when the office of the court clerk does not remain open for public business until the regularly scheduled closing time, in which event the period runs until the end of the next day which is not a legal holiday or a day when the office of the court clerk does not remain open for public business until the regularly scheduled closing time. Except for the times provided in Sections 765, 990.3, 1148.4, 1148.5, 1148.5A, and 1756 of this title, when the period of time prescribed or allowed is less than eleven (11) days, intermediate legal holidays and any other day when the office of the court clerk does not remain open for public business until the regularly scheduled closing time, shall be excluded from the computation. (emphasis added).

Because the time limit prescribed by § 653(A) is only ten- days, weekends, legal holidays, and days when the court clerk is either closed or closes early, are required to be omitted when computing the statutory deadline for filing a motion for new trial.

¶8 The Christian Decree was filed on Friday, June 30, 2016. Under § 2006(A) the date of filing is excluded when establishing Wife's deadline. In addition, a total of five (5) days must be excluded from the computation--July 2--3, 2016 (Saturday and Sunday), the Fourth of July holiday, and July 9--10, 2016 (Saturday and Sunday). When these days are omitted from the calculation, Wife's deadline for filing a motion for new trial under § 653(A) was Friday July 15, 2016, the date Wife filed her motion. Applying this principle to the present case, there is no other conclusion to reach but to find the motion for new trial was timely filed. The trial judge should have afforded Wife a full and fair opportunity to present the issues raised in her motion and its attachments.

Conclusion

¶9 Because the trial court concluded Wife's motion was untimely, we reverse the order denying her motion for new trial and vacate the opinion of COCA. The matter is remanded to the trial court to proceed in a manner consistent with this opinion.

TRIAL COURT'S ORDER DENYING MOTION FOR NEW TRIAL IS 
REVERSED; COCA OPINION VACATED; MATTER REMANDED 
TO THE TRIAL COURT FOR FURTHER PROCEEDINGS 
CONSISTENT WITH THIS OPINION

¶10 Combs, C.J., Gurich, V.C.J., Kauger, Winchester, Edmondson, Colbert, Wyrick, Darby, JJ., concur;

¶11 Reif, J., not participating.

FOOTNOTES

[1] Order Denying Motion for New Trial, Orig. Rec., at 1159. The trial court also summarily ruled Wife's motion lacked merit, without affording a full and fair opportunity to address the issues raised in the motion and its attachments.

[2] Opinion, at 2--4 (COCA Div. IV, Jan. 22, 2018).






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2010 OK 3, 230 P.3d 853, ROGERS v. QUIKTRIP CORP.
Discussed
 2014 OK 95, 341 P.3d 56, AMERICAN AIRLINES, INC. v. STATE ex rel. OKLAHOMA TAX COMMISSION
Discussed
 2016 OK 78, 378 P.3d 562, BOBER v. OKLAHOMA STATE UNIVERSITY
Discussed
 2017 OK 60, 398 P.3d 317, IN THE MATTER OF THE INCOME TAX PROTEST OF HARE
Discussed
 2018 OK 23, 415 P.3d 521, ODOM v. PENSKE TRUCK LEASING CO.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 653, Time for Filing Application for New Trial
Discussed at Length
 12 O.S. 1031, District Court, Power to Vacate or Modify its Judgments, When
Cited
 12 O.S. 2006, Time
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA