IN THE MATTER OF THE ESTATE OF PARKER
2023 OK 50
Case Number: 119871
Decided: 05/02/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 50, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

IN THE MATTER OF THE ESTATE OF RONALD W. PARKER, DECEASED.

HERMAN PARKER, Petitioner/Appellant,
v.
MANDY ALLFORD AND SHILA PIRPICH Respondents/Appellees.

CERTIORARI TO THE COURT OF CIVIL APPEALS, DIVISION III, ON APPEAL
FROM THE DISTRICT COURT OF PITTSBURG COUNTY, STATE OF 
OKLAHOMA, HONORABLE MICHAEL W. HOGAN

¶0 A dispute over the disposition of deceased individual's estate arose between the Decedent's adult children and his brother. Decedent left a holographic will, which the parties stipulated was valid. A provision in the will conferred a specific bequest of an expected worker's compensation settlement to Decedent's brother. After reviewing pleadings submitted by the parties and stipulations, the trial court determined the decedent's holographic failed to intentionally omit his adult children, and therefore, they were deemed pretermitted heirs by operation of law. Additionally, the lower court concluded that as pretermitted heirs, the daughters were entitled to an intestate share of Decedent's estate pursuant to 84 O.S.2011, § 13284 O.S.2011, § 13384 O.S.2011, § 13284 O.S.2011, § 133

TRIAL COURT ORDER REVERSED; OPINION FROM THE 
COURT OF CIVIL APPEALS IS VACATED AND THE MATTER
IS REMANDED FOR PROCEEDINGS
CONSISTENT WITH THIS OPINION.

BRETT D. CABLE, CABLE LAW, PLLC, MCALESTER, OKLAHOMA, PETITIONER/APPELLANT HERMAN PARKER

JASON L. GLASS, TARA D. ZICKEFOOSE, BAUM CLASS JAYNE CARWILE & PETERS, TULSA, OKLAHOMA, PETITIONER/APPELLANT HERMAN PARKER

MICHAEL W. BOUTOT, TULSA, OKLAHOMA, RESPONDENTS/APPELLEES MANDY ALLFORD AND SHILA PIRPICH

GURICH, J. 

Facts & Procedural History

¶1 Ronald W. Parker (Decedent) died on April 3, 2020, as a resident of Pittsburg County. He left behind two adult daughters, Mandy Allford and Shila Pirpich, and a brother, Herman Parker (Herman). A little more than one-year before Decedent's death, he executed a holographic will (Will), which stated in its entirety:

I Ronald W. Parker off [sic] sound mind & mind coharant [sic] relising [sic] that I almost have had multilable [sic] hardatcts [sic] & strokes, duetest [sic] that I more than owe my bro Herman what I will recieve [sic] in my settlement from my workers comp upon my death wish it to be given to him.

 

Ronald W. Parker

March 5, 2019

The workers' compensation settlement (Settlement) referenced in the Will was an anticipated future payment worth more than $850,000.00. Not addressed in the Will was the residue of Decedent's estate, which included a Gulf Stream travel trailer and a 2001 Ford F-150 truck, with a combined worth of approximately $14,294.00. The Will made no mention of Decedent's daughters.

¶2 Allford and Pirpich filed a petition for letters of administration on April 17, 2020. In response, Herman filed a combined motion to dismiss daughters' petition and petition to admit Decedent's holographic will to probate. The trial court consolidated the probate and administration cases on June 17, 2020, and decided that the Settlement should be held in trust until the court ordered otherwise. The validity of the holographic will is not disputed.

¶3 Three issues were presented to the trial court for determination: (1) whether Allford and Pirpich were pretermitted heirs; (2) if so, what share of the estate they should receive; and (3) whether the specific bequest to Herman was exempt from or included in the intestate shares Allford and Pirpich would be entitled to as pretermitted. The material facts of the case were based on the parties' stipulations.

¶4 On September 8, 2021, the trial court issued a ruling on the above-referenced issues. Therein, the trial judge concluded the daughters are pretermitted heirs due to their unintentional omission from the Will. With respect to the parties' respective shares of the estate, the trial court determined:

A closer look at section 133 reveals this portion of the statute addresses a child born after the making of a will or to a child or the issue of a child omitted in a will. The statute does not mention a situation involving an heir other than a child as in this case. Even the heading of the statute refers to a child born or omitted from a will. Did the legislature intend for the statute to extend to other heirs and not just to the children of a decedent?

* * * *

The Court is of the opinion section 132 is the applicable statute. The Court is further of the opinion section 133 is inapplicable, as there are no omitted children or after born children. Thus, the holographic will is ineffective as a transfer of the workers' compensation award to the decedent's brother. The daughters are pretermitted heirs and not otherwise omitted by the terms of the will.

Herman timely appealed the ruling and the matter was assigned to the Court of Civil Appeals. The COCA affirmed the trial court order on March 24, 2022. Herman sought review in this Court, and we granted certiorari to examine a matter of first impression, namely the statutory interplay between 84 O.S.2011, §§ 132

Standard of Review

¶5 To assess the propriety of the trial court's ruling in this case, we must analyze the precise wording and relationship between two statutes: 84 O.S.2011, § 13284 O.S.2011, § 133de novo review. Christian v. Christian, 2018 OK 91434 P.3d 941de novo review, "this court possesses plenary, independent, and non-deferential authority to examine the issues presented." Benedetti v. Cimarex Energy Co., 2018 OK 21415 P.3d 43

¶6 When the Court conducts an examination of statutory enactments, our primary goal is to determine legislative intent through the "plain and ordinary meaning" of the statutory language. Kohler v. Chambers, 2019 OK 2435 P.3d 109Christian, ¶ 5, 434 P.3d at 942. Our test for determining if a statute contains an ambiguity is whether its language is susceptible to more than one meaning. Id., ¶ 5, 434 P.3d at 942-43.

Analysis

¶7 On certiorari, Herman does not contest the trial court's finding that Allford and Pirpich are pretermitted heirs. Rather, his sole contention is the trial judge misinterpreted 84 O.S.2011, § 133

¶8 First we must examine the precise language of the two pertinent statutory provisions. Title 84 O.S.2011, § 132

When any testator omits to provide in his will for any of his children, or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section.

Therefore, as pretermitted heirs, Allford and Pirpich are entitled an intestate share of the estate, unless their omission was intentional. There is nothing in the Decedent's Will or record to suggest his daughters' omission was intentional. See Rogers v. Pratt, 2020 OK 27467 P.3d 65184 O.S.2011, § 213

¶9 Section 133 is clearly intended to modify § 132 as it provides for the specific manner of allocating estate assets to satisfy an award to pretermitted heirs. In fact, the title of the statutory provision reads, "Determination of Share Assigned to Afterborn or Omitted Child." Additionally, the section allows for the exemption or apportionment of specific bequests when including them in an award to a pretermitted heir would defeat a testator's obvious intent:

When any share of the estate of a testator is assigned to a child born after the making of a will, or to a child, or the issue of a child, omitted in a will as hereinbefore mentioned, the same must first be taken from the estate not disposed of by the will, if any; if that is not sufficient, so much as may be necessary must be taken from all the devisees, or legatees, in proportion to the value they may respectively receive under the will, unless the obvious intention of the testator in relation to some specific devise or bequest or other provision in the will, would thereby be defeated; in such case such specific devise, legacy or provision may be exempted from such apportionment, and a different apportionment, consistent with the intention of the testator, may be adopted.

84 O.S.2011, § 133not omitted from the will and, if applicable, a surviving spouse."

¶10 To interpret § 133, we must breakdown each clause of the statute. The initial passage refers to an intestate share "assigned" to a pretermitted heir "as hereinbefore mentioned," ostensibly referring back to an intestate award under §§ 131 or 132. While a share is initially determined under § 132 by reference to 84 O.S.2011 § 21384 O.S.2011, § 133Id. However, the critical language ignored by the trial court and the COCA provides that shares be allocated from devisees and legatees,obvious intention of the testator in relation to some specific devise or bequest or other provision in the will, would thereby be defeated." Id (emphasis added). Such specific bequest(s)Id.

¶11 Decedent's will was admitted to probate without objection. Both Allford and Pirpich are clearly pretermitted heirs, as they were not mentioned in the holographic will. Thus, as a baseline, the two daughters would be entitled to one-half of the entire estate under 84 O.S.2011, §§ 132any case where there are pretermitted heirs. Further, a devisee or legatee may include lineal descendants (children, grandchildren, etc.), non-family members, charities or any number of beneficiaries. The section does not qualify who receives a specific bequest. Thus, to fund pretermitted shares, § 133 requires apportionment out of gifts to any devisee and legatee, unless including a specific bequest in such apportionment would directly contravene the intention of the testator.

¶12 Decedent's will, the validity of which is not disputed, included a specific bequest to his brother with an explanation of why he wanted the workers' compensation settlement to be payable directly to Herman. Decedent's obvious intent was to provide his brother with the Settlement funds. Thus, the exception in § 133 for a specific bequest is applicable under the facts of this case. Consequently, it was error for the trial court to find § 133 inapplicable under the facts presented in this case. Nevertheless, because Decedent's residuary estate is de minimis, awarding one-hundred percent of Decedent's workers' compensation settlement to Herman, would also effectively render §§ 131 and 132 meaningless. To remedy this kind of unique situation, the last clause in § 133 allows a trial court to adopt a different apportionment that would be consistent with the testator's intent. We believe that to give full effect to all of the relevant statutes, the matter should be remanded for the trial judge to consider the appropriate estate division in light of §133.

Conclusion

¶13 As noted, nothing in § 133 limits its application to those cases in which a will provides for one or more lineal descendants or a surviving spouse. It broadly applies to apportionment of shares payable to pretermitted heirs from all devisees and/or legatees. The terms lineal descendant are never mentioned in § 133. To interpret the relevant statutes as the trial court and the COCA did would render Decedent's will and § 133 meaningless. However, awarding almost the entirety of Decedent's estate to Herman would also eviscerate the purpose of the pretermitted heir statutes. Thus, we hold § 132 and § 133 are both applicable to the facts of this case. The trial court must now determine the proper manner of apportioning the pretermitted shares awarded to Allford and Pirpich, while still recognizing the testator's intent to provide a specific bequest to his brother.

TRIAL COURT ORDER REVERSED; OPINION FROM THE 
COURT OF CIVIL APPEALS IS VACATED AND THE MATTER
IS REMANDED FOR PROCEEDINGS 
CONSISTENT WITH THIS OPINION.

KAUGER (by separate writing), WINCHESTER, EDMONDSON, COMBS, GURICH, and DARBY, JJ., CONCUR.

KANE, C.J., ROWE, V.C.J (by separate writing), and KUEHN, J., DISSENT.

FOOTNOTES

84 O.S. 2011, § 54

84 O.S.2011, § 131

Whenever a testator has a child born after the making of his will, either in his lifetime or after his death, and dies leaving such child unprovided for by any settlement, and neither provided for nor in any way mentioned in his will, the child succeeds to the same portion of the testator's real and personal property that he would have succeeded to if the testator had died intestate.

84 O.S.2011, § 213

B. Beginning July 1, 1985, if any person having title to any estate not otherwise limited by any antenuptial marriage contract dies without disposing of the estate by will, such estate descends and shall be distributed in the following manner:
* * * *
2. The share of the estate not passing to the surviving spouse or if there is no surviving spouse, the estate is to be distributed as follows:

a. in undivided equal shares to the surviving children of the decedent and issue of any deceased child of the decedent by right of representation, or

 

 

ROWE, V.C.J., with whom KANE, C.J., and KUEHN, J., join, dissenting:

¶1 The guarantees delineated to an omitted or pretermitted child by §§ 131 and 132 are extended mutatis mutandis by § 133--not abrogated thereby.

¶2 I read 84 O.S.2021 §§ 131Toch, LLC v. City of Tulsa, 2020 OK 81474 P.3d 859

¶3 Sections 131 and 132 mandate that an afterborn child or a pretermitted child shall receive the same share in the estate of the testator as if the testator had died intestate. In accordance, § 133 permits a specific bequest so long as it can be accomplished in satisfaction of §§ 131 and 132. For instance, if an unmarried decedent bequeathed his grand piano to child A by will and unintentionally omitted child B from his will, § 133 would support the specific bequest of the grand piano to child A, so long as a sufficient residue from the estate allowed child B to receive one-half by value of the estate, as required by § 132.

¶4 Section 132 states that children unintentionally omitted from a will must receive the same share in the estate of the testator as if the testator had died intestate. Per the intestacy statute, 84 O.S.2021, § 213

¶5 Here, the specific bequest to the testator's brother cannot be accomplished in satisfaction of § 132. The majority's holding prevents the testator's daughters from receiving what they are explicitly entitled to receive per § 132. Accordingly, I respectfully dissent.

 

 

KAUGER, J., concurring specially:

¶1 I concur in remanding the matter to the trial court for an equitable division of the estate. However, I write separately to point out that 84 O.S. 2011 §133

¶2 While 84 O.S. 2011 §13384 O.S. 2011 §§1

When any share of the estate of a testator is assigned to a child born after the making of a will, or to a child, or the issue of a child, omitted in a will as hereinbefore mentioned, the same must first be taken from the estate not disposed of by the will, if any; if that is not sufficient, so much as may be necessary must be taken from all the devisees, or legatees, in proportion to the value they may respectively receive under the will, unless the obvious intention of the testator in relation to some specific devise or bequest or other provision in the will, would thereby be defeated; in such case such specific devise, legacy or provision may be exempted from such apportionment, and a different apportionment, consistent with the intention of the testator, may be adopted.

¶3 In other words: 1) when a testator's share of the estate is assigned to an omitted child, their share is taken from the estate not disposed of by the will, or if it is insufficient, then from the other devisees or legatees; unless 2) the obvious intent of the testator was to make a specific bequest, and that specific bequest would be defeated. If such a specific bequest is made, and would be defeated, then that bequest is exempted from apportionment, and an apportionment is to be made following the intent of the testator.

¶4 In this cause, the testator made a specific bequest from a specific workers compensation award to a specific person. He stated in his holographic will:

I Ronald W. Parker off [sic] sound mind & mind coharant [sic] relising [sic] that I almost have had multiable [sic] hardatcts [sic] & strokes, duetest [sic] that I more than owe by bro Herman what I will receive [sic] in my settlement from my workers comp upon my death wish it to be given to him.

Under §133, the obvious intent of the testator was to make a specific bequest. If the specific bequest would thereby be defeated, it may be exempted from such apportionment, and a different apportionment, consistent with the intention of the testator, may be adopted.

¶5 In my view one of two things must happen, both of which end with the same result. Either the specific bequest is excluded from the estate, and given to the named person consistent with the testator's intent, with the estate divided among the pretermitted heirs; or the specific bequest is included in the estate, but given to the named person consistent with the testator's intent, with the remainder of the state divided among the pretermitted heirs.

¶6 In this cause, the majority merely applies a portion of the last sentence of the statute, by making a "different apportionment," but totally ignoring the testator's intent. If he had said "I want my brother to have the painting that I bought on our trip to Santa Fe. Because we had such a good time on that trip, I want him to remember it" there would be no problem interpreting the statute. Apparently, it is the amount of the specific bequest that troubles the majority.

FOOTNOTES

Davis v. GHS Health Maintenance Organization, Inc., 2001 OK 322 P.3d 1204Ashby v. Harris, 1996 OK 7918 P.2d 744Haney v. State, 1993 OK 41850 P.2d 1087

Davis v. GHS Health Maintenance Organization, Inc., see note 1, supra; Tulsa County Deputy Sheriff's Fraternal Order of Police, Lodge No. 188 v. Board of County Comm'rs of Tulsa County, 1998 OK 44959 P.2d 979Carter v. City of Oklahoma City, 1993 OK 134