OSCN Found Document:IN THE MATTER OF THE ESTATE OF SHEPHERD

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 IN THE MATTER OF THE ESTATE OF SHEPHERD
2023 OK CIV APP 24
Case Number: 120182
Decided: 06/22/2023
Mandate Issued: 07/26/2023
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV

Cite as: 2023 OK CIV APP 24, __ P.3d __

 

IN THE MATTER OF THE ESTATE OF PRISCELLA ELAINE SHEPHERD, deceased.

MARY HELEN SEEVER and KATHY JO SHEPHERD, Appellants,
v.
JUDY SIXKILLER, Personal Representative of the Estate of Priscella Elaine Shepherd, deceased; and AMBER DAWN SHEPHERD, Appellees.

APPEAL FROM THE DISTRICT COURT OF
BLAINE COUNTY, OKLAHOMA

HONORABLE ALLISON M. LAFFERTY, TRIAL JUDGE

AFFIRMED

Jana L. Knott, BASS LAW, Oklahoma City, Oklahoma, for Appellants

Michelle Nabors, Jared Harrison, Emily Stoner, HARRISON & MECKLENBURG, INC., Stillwater, Oklahoma, for Appellee Sixkiller

JOHN F. FISCHER, JUDGE:

¶1 Mary Helen Seever and Kathy Jo Shepherd (Daughters), appeal the denial of their application to be determined pretermitted heirs and awarded one-third of the estate of their deceased mother, Priscella Elaine Shepherd. The district court found that Priscella's holographic will was valid and unambiguous, and Daughters were not pretermitted heirs because the will provided for Daughters, devising them a portion of Priscella's estate. We affirm.

BACKGROUND

¶2 Priscella died on August 30, 2021. Priscella had two daughters, Mary Helen Seever and Kathy Jo Shepherd, one son, Eric Brett, and one granddaughter, Amber Dawn Shepherd, all of whom were living at the time of her death. The subject of this appeal is a holographic will dated April 4, 2021, and signed by Priscella on July 2, 2021. The will was also witnessed on that date by two individuals who designated themselves as "RN." The will was admitted to probate, without objection, on November 29, 2021, as Priscella's "Last Will and Testament . . . [and] established as a valid Will passing both real and personal property . . . ."

¶3 Except for the signatures previously described, Priscella's will provides, in its entirety:

Last will and testament of Priscella Elaine Shepherd dated 4-2-1921 ps 2021.
Judy M. Six Killer to be executor of all my estate and all moneys in bank.
Amber Dawn Shepherd is to receive all contents house & two lots ps three lots.
Fourth lot to be sold & money distributed as needed.
All moneys owed by anyone is forgiven. This is my desire and will to be for all relatives.

¶4 Ms. Sixkiller was appointed as the personal representative and issued letters testamentary the same day the will was admitted.

¶5 Daughters filed an objection and application for share of Priscella's estate. They pointed out that Priscella's three children were not mentioned in the will and argued that they were pretermitted heirs and the only heirs-at-law entitled to a share of Priscella's estate. Daughters argued that Priscella's will contained no language demonstrating the clear and express intent required by law to disinherit her three children and, therefore, the bequest to Priscella's granddaughter Amber failed. The objection was set for hearing. No evidence was taken at the hearing. The district court construed the will as a whole, "including the clause reading, 'This is my desire and will to be for all relatives.'" The court ruled that Daughters were not pretermitted heirs; they were intended beneficiaries of the "fourth lot" provision of the will. The district court denied Daughters' application, and that Order is the subject of this appeal.

STANDARD OF REVIEW

¶6 The issue in this appeal is whether Priscella intended to provide for Daughters in her will. The resolution of that issue requires construction of Priscella's will. The primary purpose in construing a will is to determine the intent of the testator. Rogers v. Estate of Pratt, 2020 OK 27, ¶ 18, 467 P.3d 651, 655. In this case, no evidence was offered or considered regarding Priscella's intent in drafting the will. "Unless ambiguities appear on the face of the will, extrinsic evidence is inadmissible." In re Estate of Chester, 2021 OK 12, ¶ 16, 497 P.3d 284, 288 (footnote omitted). The district court found that the will was not ambiguous and interpreted the will as a matter of law.

¶7 "Probate proceedings are of equitable cognizance." In re Estate of Fulks, 2020 OK 94, ¶ 9, 477 P.3d 1143, 1147 (footnote omitted). In equity cases, "[i]t is the role of the appellate court to define the law." In re Estate of Crowl, 1987 OK 13, ¶ 4, 737 P.2d 911, 914. The district court's legal rulings will not be reversed unless contrary to governing principles of law. Fulks, 2020 OK 94, ¶ 9, 477 P.3d at 1147.

ANALYSIS

¶8 The Daughters argue that because they were not mentioned by name in Priscella's will the district court erred when it found that they were not pretermitted heirs. Before addressing that argument, we must determine first whether the district court correctly found that Priscella's will was unambiguous regarding her donative intent. The laws of Oklahoma and the rules prescribed in Chapter 3 of Title 84, "Interpretation of Wills," govern the construction and interpretation of Priscella's will. 84 O.S.2021 § 153; In re Estate of Fletcher, 1957 OK 7, ¶ 35, 308 P.2d 304, 313 ("Precise rules for construction of wills are provided by our statutes. . . . These rules are of paramount consideration in all questions involving wills.").

¶9 The fundamental rule is stated in 84 O.S.2021 § 151: "A will is to be construed according to the intention of the testator . . . ." And, "the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made . . . ." 84 O.S.2021 § 152. "The words of a will are to be taken in their ordinary and grammatical sense unless a clear intention to use them in another sense can be collected, and that other can be ascertained." 84 O.S.2021 § 158.

¶10 We find no ambiguity in the language of Priscella's will with respect to its devise to her heirs. Although Daughters may have a different interpretation of some of the language, that does not mean the language is ambiguous. See Pitco Prod. Co. v. Chaparral Energy, Inc., 2003 OK 5, ¶ 14, 63 P.3d 541, 545 ("The mere fact the parties disagree or press for a different construction does not make an agreement ambiguous."). Consequently, the district court did not err in finding that Priscella's will was unambiguous and in construing that document as a matter of law. No party to this appeal has argued otherwise.

I. Daughters' Pretermitted Heir Argument

¶11 Daughters point out that they are not mentioned by name in Priscella's will. For that reason, they argue that they are pretermitted heirs entitled to a one-third share each of Priscella's estate. In support of their argument, Daughters cite 84 O.S.2021 § 132:

When any testator omits to provide in his will for any of his children, or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section.

Daughters focus their argument on recent Oklahoma Supreme Court precedent addressing what this statute requires of a testator who intentionally omits to provide for a "child, or the issue of such child." Id.

¶12 First, we must determine whether section 132 applies in this case. By clear language, the statute applies only "[w]hen any testator omits to provide in his will for any of his children." Id. If Priscella's will provided for Daughters, they are not pretermitted heirs and section 132 does not apply. "The statute requires an omission to provide for the children, not merely an omission to name the children." In re Estate of Chester, 2021 OK 12, ¶ 11, 497 P.3d 284, 287.

II. Priscella's Will Provides for Daughters

¶13 Although Daughters objected to Priscella's devise to her granddaughter Amber, they do not argue the devise lacks clarity or that the language Priscella used to express her intent is unclear. It is undisputed that the will evidences Priscella's intent to give her house and all of its contents to her granddaughter, plus "two lots."[1] As previously noted, at some point after drafting the original version of her will Priscella changed the devise to her granddaughter to three lots and initialed that change, "ps." Unlike the will in Estate of Chester, 2021 OK 12, 497 P.3d 284, Priscella's will did not leave everything she owned to her granddaughter without mentioning her other heirs. What remained of Priscella's estate after the devise to her granddaughter, that is, the "Fourth lot," was to be sold and distributed to "all relatives."

¶14 A testator's relatives are a class of persons that may be excluded from taking from the testator's estate. Rogers v. Estate of Pratt, 2020 OK 27, ¶ 18, 467 P.3d 651, 654. Consequently, a testator may devise some, or all, of the estate to a class of persons designated as "relatives," as Priscella did in this case. Daughters argue that, to the extent "all relatives" refers to a class of beneficiaries in Priscella's will to whom the "Fourth lot" will be distributed, they are not members of that class. We are not persuaded by their argument. "A testamentary disposition to a class includes every person answering the description at the testator's death . . . ." 84 O.S.2021 § 171. Daughters were two of Priscella's "relatives" on the date of her death.

¶15 Title 84 O.S.2021 § 132 does not apply unless there is an "an omission of the will contestant completely, either by name or class." In re Estate of James, 2020 OK 7, ¶ 18, 472 P.3d 205, 210-11. Even though Daughters were not mentioned by name, they are members of the class of persons to whom Priscella provided the "Fourth lot" of her estate. Consequently, Daughters were not omitted from Priscella's will. Because Daughters were not omitted from Priscella's will and section 132 does not apply, they are not pretermitted heirs. They might not receive as much of Priscella's estate as they would if Priscella had died intestate. Nonetheless, section 132 "is not a limitation on a testator's power to dispose of his or her property." Id. ¶ 17, 472 P.3d at 210.[2]

CONCLUSION

¶16 The dispositive issue in this case is not whether Priscella intended to disinherit Daughters. The dispositive issue is whether Priscella provided for Daughters in her will. Because we find an unambiguous devise in Priscella's will to Daughters, they were not "omitted." We need not consider whether Priscella's will complies with 84 O.S.2021 § 132 and the cases interpreting that statute, which establish the requirements for a testator to intentionally disinherit an heir.

¶17 AFFIRMED.

HUBER, J., concurs, and BLACKWELL, P.J., dissents.

FOOTNOTES

[1] The parties appear to understand what Priscella intended by the term "lots" and have not raised an issue regarding that term in this appeal.

[2] Further, construing the will as Daughters argue would require us to consider the possible effect of section 133 and whether the specific devise to Priscella's granddaughter "would thereby be defeated; in such case such specific devise, legacy or provision may be exempted from such apportionment . . . ." 84 O.S.2021 § 133. "Section 133 is clearly intended to modify § 132 . . . ." In re Estate of Parker, 2023 OK 50, ¶ 9, 529 P.3d 203, 207 (decided after completion of briefing in this case). See Okla. Sup. Ct. R. 1.200(e), 12 O.S.2021 ch. 12, app. 1. Section 133 would appear to dictate the same result reached in this Opinion if Parker were controlling authority and Daughters were considered to be pretermitted heirs.

 

 

 

BLACKWELL, P.J., dissenting:

¶1 I respectfully dissent. The testator's devise of the fourth lot was not to either of his daughters. Indeed, it was not to any person or entity at all, but rather "to be sold" with the proceeds to be "distributed as needed."[1] The devise is ambiguous at best and will likely fail entirely for want of a named beneficiary. See, e.g., Matter of Estate of Paris, 1993 OK CIV APP 50, ¶ 7, 856 P.2d 583, 586 ("[T]he bequests stating 'money for Kathryn', and 'money for Louis' fail because of vagueness.").[2] Certainly, under the Supreme Court's long-standing case law, it cannot be considered an unambiguous gift to the testator's daughters which would avoid the application of the 84 O.S. § 132. See Matter of Estate of James, 2020 OK 7, ¶¶ 18-19, 472 P.3d 205, 210-11 ("Since 1928, this Court has consistently interpreted this statute to the effect that an intentional omission to provide for the testator's issue must appear clearly within the four corners of the testamentary document itself.... Intent to disinherit must appear upon the face of the will in strong and convincing language."). The decedent's will here does not come close to meeting this high standard. Accordingly, I would reverse the trial court's decision to the contrary and remand for a determination of the appropriate distribution, as informed by Matter of Estate of Parker, 2023 OK 50, when that case becomes final.

FOOTNOTES

[1] The will is ambiguous in this regard. Is it just the money from the sale of the fourth lot or all money that it "distributed as needed"? One cannot tell from the four corners of the will. Given that no beneficiary is named in either instance, however, the ambiguity need not be resolved. All such funds should pass through intestacy. See note 2, supra.

[2] The fourth lot should then, like all other property not accounted for in the will (if any), descend to the daughters through intestacy. See 84 O.S. § 211. This fact, however, cannot be considered a "provision" for the daughters in the will. They were omitted and must be treated as such.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
1993 OK CIV APP 50, 856 P.2d 583, 64 OBJ 2520, 
Estate of Paris, Matter of
Discussed

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1987 OK 13, 737 P.2d 911, 58 OBJ 866, 
Estate of Crowl, Matter of
Discussed

 
1957 OK 7, 308 P.2d 304, 
IN RE FLETCHER'S ESTATE
Discussed

 
2003 OK 5, 63 P.3d 541, 
PITCO PRODUCTION COMPANY v. CHAPARRAL ENERGY, INC.
Discussed

 
2020 OK 7, 472 P.3d 205, 
IN RE THE ESTATE OF JAMES
Discussed at Length

 
2020 OK 27, 467 P.3d 651, 
ROGERS v. ESTATE OF PRATT
Discussed at Length

 
2020 OK 94, 477 P.3d 1143, 
IN THE MATTER OF THE ESTATE OF FULKS
Discussed at Length

 
2021 OK 12, 497 P.3d 284, 
IN THE MATTER OF THE ESTATE OF CHESTER
Discussed at Length

 
2023 OK 50, 529 P.3d 203, 
IN THE MATTER OF THE ESTATE OF PARKER
Discussed at Length

Title 84. Wills and Succession

 
Cite
Name
Level

 
84 O.S. 132, 
Determining Share for Child Unintentionally Omitted from Will
Discussed at Length

 
84 O.S. 133, 
Determination of Share Assigned to Afterborn or Omitted Child
Cited

 
84 O.S. 151, 
Will Construed According to Testator's Intent
Cited

 
84 O.S. 152, 
Ascertaining the Testator's Intent
Cited

 
84 O.S. 153, 
Interpretation of a Will Governed by Rules of this Article
Cited

 
84 O.S. 158, 
Words Construed in Ordinary and Grammatical Sense
Cited

 
84 O.S. 171, 
Class Gifts Includes All Meeting Description
Cited

 
84 O.S. 211, 
Definition of Succession
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA